Billie Bess **PETETE**, Plaintiff,

v.

**CONSOLIDATED FREIGHTWAYS,**
Defendant.

**Civ. A. No. 3–3813–B.**

United States District Court,
N. D. Texas,
Dallas Division.

June 5, 1970.

Opinion June 17, 1970.

No argument was presented or appearance made by attorney for defendant.

## ORDER APPOINTING COUNSEL

HUGHES, District Judge.

On this the 5th day of June, 1970, came to be considered the motion of plaintiff in the above entitled case for appointment of an attorney.

The Court notes from the affidavit accompanying plaintiff's motion that plaintiff, while not a pauper, is without sufficient funds to hire an attorney and that plaintiff's repeated good faith efforts to obtain the services of an attorney on a contingent fee basis have failed —due at least in part to the complex nature of a lawsuit brought under Title VII of the Civil Rights Act of 1964.

Inasmuch as plaintiff's complaint does not appear to be frivolous, the Court finds plaintiff's motion for the appointment of counsel to be meritorious and by its discretionary authority under 42 U. S.C. § 2000e–5(e), orders that:

(1) Linda N. Coffee, Attorney at Law, 2130 First National Bank Building, Dallas, Texas, be appointed to represent plaintiff in this action;

(2) as a condition of this appointment and pursuant to a suggestion offered by plaintiff in her motion, plaintiff sell her shares of Freedom Fund, Inc. and deposit the proceeds with the Court to be applied against court costs, expenses in litigation and attorney's fees, if any, with the provision that any amount of such funds not exhausted at the conclusion of this action be returned to plaintiff.

## MEMORANDUM OPINION

On May 5, 1970, plaintiff filed her complaint in the present action, alleging that defendant had subjected her to sexually discriminatory hiring practices in violation of Title VII of the Civil Rights Act of 1964. On the same day she filed a motion for appointment of an attorney. In the affidavit supporting her motion, plaintiff stated that, while not a pauper, she was without funds sufficient to both hire an attorney and to continue to provide herself with the bare necessities of life. Plaintiff also stated in her affidavit that she had been unsuccessful

on several occasions in attempting to obtain the services of an attorney on the contingent-fee basis—due apparently in part to the complex nature of a lawsuit brought under Title VII.

Section 706(e) of Title VII authorizes the Court to appoint counsel "in circumstances [it] may deem just". On the basis of the facts presented in the affidavit, and, inasmuch as plaintiff's complaint does not appear to be frivolous, the Court is of the opinion that plaintiff's motion should be granted.

Unquestionably, plaintiff's request for the appointment of counsel has particular significance because she has filed her complaint under Title VII of the Civil Rights Act of 1964. Title VII is the statutory embodiment of a strong national policy against discrimination in employment. Culpepper v. Reynolds Metals Company, 421 F.2d 888 (5 Cir. 1970); Jenkins v. United Gas, 400 F.2d 28 (5 Cir. 1968).

It follows that plaintiff's motion for appointment of counsel should not be denied merely because she is not entirely destitute.[1] Smith v. Fleming (Order Granting Plaintiff's Motion for Appointment of Counsel, Filed July 17, 1969) (W.D.Mo.1969). This is particularly true since plaintiff has, as represented in her affidavit, been unsuccessful on several occasions in attempting to secure the services of an attorney on a contingent-fee basis. Further complicating plaintiff's problem has been the reluctance of the attorneys she has approached to undertake the specific and complex challenges of a Title VII lawsuit which are not common to more frequently litigated areas of the law.

The Court concludes that, in light of the difficulties confronting plaintiff and

because the suit is laden "with heavy overtones of public interest",[2] the facts presented more than warrant the appointment of counsel. Cf. Edwards v. duPont (Order Denying Motion to Reconsider Appointment of Attorney, Filed May 27, 1970) (D.Kan.1970).

An order has been entered accordingly.

---

1. In her motion plaintiff has volunteered to contribute toward the expense of the lawsuit the proceeds from certain stocks she presently holds. By divesting herself of what she represents in her affidavit to be the only assets she possesses which are not devoted to the object of providing bare necessities of life, plaintiff greatly facilitates the granting of her motion. It

is unnecessary for this Court to determine whether plaintiff's maintenance of modest savings or their equivalent would have served as a bar to appointment of counsel under Section 706(e).

2. Jenkins v. United Gas, supra, 400 F.2d at 33.