**George L. HARRIS, Plaintiff-Appellant,**

v.

**WALGREEN'S DISTRIBUTION CENTER, Defendant-Appellee.**

**No. 71-1241.**

United States Court of Appeals, Sixth Circuit.

Feb. 10, 1972.

---

George L. Harris, on brief in pro. per.

David W. Zugschwerdt, Washington, D. C., for E. E. O. C. as amicus curiae; Stanley P. Hebert, Gen. Counsel, John de J. Pemberton, Jr., Deputy Gen. Counsel, Julia P. Cooper, Chief Appellate Section, Robert Fitzpatrick, Atty., E. E. O. C., Washington, D. C., on brief.

C. L. Ames, Chicago, Ill., for appellee; R. H. Wessels, Chicago, Ill., on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and BROOKS,* Circuit Judges.

EDWARDS, Circuit Judge.

In this appeal appellant, a discharged employee of Walgreen's, appeals from two orders entered by a District Judge in the United States District Court for the Western District of Tennessee, Western Division. Both orders denied the appointment of counsel for him under 42 U.S.C. § 2000e–5(e) (1970), which says in part as follows:

"Upon application by the complainant *and in such circumstances as the court* may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."

This language makes it possible for a District Court wherein a civil rights complaint charging unfair employment practices has been filed to appoint counsel for a plaintiff "in such circumstances as the court may deem just." In this case appellant had originally filed a complaint before the Equal Employment Opportunity Commission. After investigation and findings of fact by an examiner for EEOC, the Commission entered

* Honorable Henry L. Brooks died on December 30, 1971.

a formal order finding no reasonable cause for complaint.

In the first order entered by the District Judge he set out some of the essential facts as follows:

"George L. Harris having filed a charge with the Memphis Area Office of the Equal Employment Opportunity Commission, which charge was assigned Case No. YME1036, the Commission having found that there was no reasonable cause to believe the charge to be true, a Notice of Right to Sue Within 30 Days having been issued on January 8, 1971, George L. Harris having applied in person for appointment of counsel on January 26, 1971, and the Court having read the Area Director's Findings of Fact, dated August 17, 1970, and the decision of the Commission dated December 23, 1970, the Court is of the opinion that it should not appoint an attorney pursuant to 42 U.S.C.A. § 2000e–5(e).

"IT IS, THEREFORE, ORDERED that the Court declines to appoint an attorney on the application of George L. Harris pursuant to 42 U.S.C.A. § 2000e–5(e). However, nothing herein shall preclude George L. Harris from obtaining counsel of his own choice if he so desires.

"This 26th day of January 1971.

/s/ Robert M. McRae, Jr.
U. S. District Judge."

Subsequently, and in this instance more than 30 days after the notice of right to sue (See 42 U.S.C. § 2000e–5(e)) appellant filed an "Amended Petition," again seeking appointment of counsel but reciting his cause of action in more detail. The District Judge dismissed this petition again denying appointment of counsel, but adding as rationale for dismissal that the amended petition had not been filed within the statutory limit of 30 days.

On appeal to this court, intervenor EEOC argues vigorously that the administrative determination of no probable cause by EEOC cannot appropriately be the sole ground for denial of counsel and urges reversal because EEOC reads the District Judge's order as founded on that reason alone.

■ We agree that denial of counsel is not mandated by an EEOC finding of no probable cause. Indeed, we would regard a record which showed this as the sole reason for denial of counsel as founded on error. See Robinson v. Western Electric (7th Cir. 1971).

In a case construing the effect of an EEOC no probable cause finding, the Fifth Circuit recently said:

"It seems completely unfair to nullify the grievant's complaint by a non-reviewable conclusion of the Commission, particularly when he has fully complied with the requirements of the statute. In the circumstances of this case the courts afford the only effective remedy under the present state of the law. Lawsuits and disputes are for the courts. We will not permit the single finding of this investigatory agency to stand as a complete defense which precludes all hope of adversary adjudication or remedial action in the courts." Beverly v. Lone Star Lead Construction Corp., 437 F.2d 1136, 1141 (5th Cir. 1971).

See also Fekete v. United States Steel Corp., 424 F.2d 331 (3d Cir. 1970).

We do not, however, read the District Judge's denial of counsel in this case as founded solely upon the EEOC finding of no probable cause. The District Judge had before him both the findings of facts of the EEOC Area Director and the somewhat detailed decision of the EEOC. He also had before him the affidavit of appellant pertaining to his financial status and his efforts to secure counsel. This affidavit recited that both appellant and his wife were gainfully employed. The District Judge's order clearly suggests that he feels it is possible for appellant to secure his own attorney.

Intervenor EEOC on this last point relies strongly upon a District Court de-

cision by Judge Sarah Hughes wherein concerning a similar petition, she said:

> "Appointment of counsel should not be denied merely because she is not entirely destitute." Petete v. Consolidated Freightways, 313 F.Supp. 1271, 1272 (N.D.Tex.1970).

■ While we can agree with Judge Hughes' statement, our case differs from *Petete, supra,* both in the economic position of appellant and in the background facts presented to Judge McRae. In addition, Judge McRae in the exercise of judgment concerning the facts before him, denied appellant's petition.

■ Under the total facts contained in this record, we are not prepared to say that the Judge's refusal to appoint counsel was an abuse of the discretion vested in him under 42 U.S.C. § 2000e–5(e).

■ As to the dismissal of the amended petition, however, we believe the second order of the District Judge was in error. 42 U.S.C. § 2000e–5(e) also says in part:

> "(e) If within thirty days after a charge is filed with the Commission * * * the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge. . . ."

Appellant was within the 30-day limitation when he filed his original motion for appointment of counsel. *Cf.* Goodman v. City Products Corp., 425 F.2d 702 (6th Cir. 1970). There is, of course, no doubt that this act was a necessary predicate to the filing of suit and that it served the legislative purpose of prompt notice contained in the statute.

There is conflict between the legislative intent to provide counsel where necessary to justice and the requirement that the complaint be filed within 30 days after the EEOC notice of right to sue. Obviously, a complainant able to hire a lawyer might be able to file suit within 30 days, while one financially unable to do so was still petitioning the court to appoint a lawyer for him. Obviously, too, the filing, processing and decision of the motion for counsel could consume the entire 30-day period.

We approach interpretation of this section of the statute with consciousness of the constitutional principles underlying the Equal Employment Opportunity Act and with the desire to interpret its provisions so as fully to serve the great purposes enunciated by Congress.

In this regard the Fifth Circuit's language in a recent Title VII case is appropriate:

> "The basic purposes of the Act, however, are clearly discernible. Mindful of the remedial and humanitarian underpinnings of Title VII and of the crucial role played by the private litigant in the statutory scheme, courts construing Title VII have been extremely reluctant to allow procedural technicalities to bar claims brought under the Act. Consequently, courts confronted with procedural ambiguities in the statutory framework have, with virtual unanimity, resolved them in favor of the complaining party." Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460–461 (5th Cir. 1970).

Thus far this section of the statute has come to the attention of a number of District Courts. In a related fact situation a District Judge held that a motion for appointment of counsel satisfied the 30-day requirement. He said:

> "When the plaintiff made application for an appointed attorney, it was manifestly an act designed to facilitate the filing of a formal complaint. It was, moreover, the sole act over which she had any effective control." McQueen v. E. M. C. Plastic Co., 302 F. Supp. 881, 884 (E.D.Tex.1969).

*See also* Beckom v. Tennessee Hotel, 341 F.Supp. 991 (W.D.Tenn.1971); Reyes v. Missouri-Kansas-Texas R. R., 53 F.R.D. 293 (D.Kan.1971); Austin v. Reynolds Metals Co., 327 F.Supp. 1145 (E.D.Va.

1970); Prescod v. Ludwig Industries, 325 F.Supp. 414 (N.D.Ill.1971).

Only one case has been decided at the Circuit Court level on the specific point at issue. Harris v. National Tea Co., 454 F.2d 307 (7th Cir. 1971). In it the Seventh Circuit held that the filing of the motion for appointment of counsel served to toll the 30-day statutory limitation. Harris v. National Tea Co., *supra*, at p. 312.

■ We believe on equitable grounds the motion for counsel should be regarded as tolling the statute until it was disposed of. This decision is in no way in conflict with an earlier decision of this court, Goodman v. City Products Corp., 425 F.2d 702 (6th Cir. 1970). In that case the opinion for the court carefully noted:

> "Finally, as regards the appellant's contention that the 30 day limitation should here be extended on general equitable principles, suffice it to say that there is no allegation or showing in the record of circumstances justifying a tolling of the statute on recognized equitable principles." Goodman v. City Products Corp., *supra* at 704.

Further, pursuant to the Congressional purpose when after decision on the motion for counsel the time remaining is unreasonably short for securing a lawyer and filing the complaint, the District Judge's order granting or denying the motion for appointment of counsel should set a reasonable time. Normally we would expect the statutory period of 30 days to be employed as a guide in this regard. McQueen v. E. M. C. Plastic Co., *supra*; Prescod v. Ludwig Industries, *supra*; Austin v. Reynolds Metals Co., *supra*.

It is relevant to the ruling above to note that no prejudice is alleged to have resulted to defendant from any delay, nor can we find any prejudice.

The judgment of the District Court is affirmed in part and reversed in part and remanded to the District Court for further proceedings in accordance with this opinion.