Raymond R. SOL

v.

I.N.A. INSURANCE COMPANY et al.

Civ. A. No. 74–3107.

United States District Court,
E. D. Pennsylvania.

April 13, 1976.

Raymond R. Sol, pro se.

Ralph E. Johnston, Commission on Human Relations, Jeffrey Orleans, Equal Employment Opportunity Commission, Caleb Fowler, INA, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

Mr. Sol claims that his employment with the defendant I.N.A. Insurance Company (INA) was terminated for racial reasons, in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.* Plaintiff's claim was first presented to the Philadelphia Regional Office of the Equal Employment Opportunity Commission (EEOC), and after a full investigation, that agency concluded that there had been no Title VII violation. Thereafter, Mr. Sol initiated this action against INA, the Philadelphia Regional Office of EEOC, and the Pennsylvania Commission on Human Relations.

Mr. Sol has requested, by oral motion, that this Court appoint counsel to represent him in this case. With respect to private actions under the Civil Rights Act, § 2000e–5(f)(1) of the Act authorizes *in forma pauperis* proceedings:

> "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."

Courts have had difficulty interpreting the meaning of § 2000e–5(f)(1) of the Act. First, there is some disagreement as to how

"impoverished" a plaintiff must be before he/she may avail himself/herself of the provisions of § 2000e–5(f)(1). *Cf. Petete v. Consolidated Freightway,* 313 F.Supp. 1271 (M.D.Tex.1970) with *Harris v. Walgreen's Distribution Center,* 456 F.2d 588 (6th Cir. 1972). Second, it is unclear whether, and to what extent, a plaintiff must show that he/she had tried unsuccessfully to retain counsel on a contingent fee basis. *Spanos v. Penn Central Trans. Co.,* 5 EPD ¶ 8095 (W.D.Pa., Nov. 9, 1971), *aff'd.* 470 F.2d 806 (3d Cir. 1972). Third, although the Court may be able to appoint counsel to represent plaintiffs in Title VII proceedings, there is no guarantee that court-appointed counsel will receive compensation for the services they render. No funds have been appropriated by Congress to pay the fees of counsel appointed pursuant to 42 U.S.C. § 2000e–5(f)(1).[1]

■ One of the few things that is clear with respect to § 2000e–5(f)(1) is that where there is a finding by EEOC adverse to the plaintiff in a Title VII action, and the court's independent review of the record supports a finding that plaintiff's claim is "frivolous," the request for appointment of counsel can, in the discretion of the district court, be denied. *Robinson v. Western Electric,* 3 EPD ¶ 8240 (7th Cir.1971); *Harris v. Walgreen's Distribution Center, supra.* Here, plaintiff's Complaint and supplemental pleadings are vague, and contain no substantive factual allegations which if proven, would support a finding of racial discrimination. I suspect that these pleading deficiencies are as much a product of plaintiff's lack of a meritorious claim, as they are attributable to plaintiff's having to proceed without the benefit of counsel.

■ However, this is not an appropriate point in the litigation to rule on the merits of plaintiff's Complaint. At this time, it is sufficient to find that the Court will not ask a member of the Bar to "voluntarily accept such an appointment, until such time as it becomes obvious that [the plaintiff] has presented a meritorious claim which he cannot adequately pursue *pro se.*" *Spanos v. Penn Central Trans. Co.,* 5 EPD ¶ 8095 (W.D.Pa.1971). This is especially true since it appears probable that an attorney appointed to represent Mr. Sol would not be compensated for the services rendered, unless he ultimately prevails in the Title VII action.

■ If plaintiff intends to pursue his claim *pro se,* he must assume responsibility for the duties normally undertaken by attorneys in the course of litigation. Specifically, this includes (1) filing an opposition to EEOC's Motion to Dismiss; and (2) filing an amended complaint, setting forth in detail the factual basis for his claim. With respect to the amended complaint, plaintiff is directed to set forth the facts, which if proven, would support a finding that each of the defendants is liable to him for damages incurred as a result of racial discrimination in employment.

The motion for appointment of counsel will be denied, without prejudice. The plaintiff will be permitted to proceed without prepayment of fees, costs, or security, pursuant to the provisions of 28 U.S.C. § 1915.

---

1. Presumably, counsel appointed pursuant to § 2000e–5(f)(1) would either be compensated on a contingent fee basis, or willing to work *pro bono.* I express no view as to whether a district court has the power, pursuant to § 2000e–5(f)(1), to order a member of the Bar to prosecute a Title VII action without a guarantee that he/she will be compensated for the services rendered. To my knowledge, this issue has never been discussed in any reported decision.