Oliver ABRAM, Plaintiff,

v.

**WACKENHUT CORPORATION,**
Defendant.

Civ. A. No. 80–71739.

United States District Court,
E. D. Michigan, S. D.

Aug. 8, 1980.

Hudson Mead, Tolleson, Mead, Welchli & Dahn, Detroit, Mich., for defendant.

ORDER

JOINER, District Judge.

This case is before the court on defendant's motion to dismiss plaintiff's Title VII complaint for failure to file the complaint within 90 days of plaintiff's receipt of the EEOC "right-to-sue" letter. For the reasons given below, defendant's motion is denied.

Plaintiff's complaint bears a filing date of May 2, 1980, and alleges that the EEOC notice of the right to sue was received on January 23, 1980. From the face of the complaint, therefore, it appears that the plaintiff's complaint was not filed in a timely manner under 42 U.S.C. § 2000e–5(f). Plaintiff at this time is unrepresented by counsel. He initiated this suit by submitting his Title VII form complaint and a petition to proceed *in forma pauperis*. The records kept by the in-take clerks in the office of the Clerk of the Court indicate that plaintiff submitted these documents on April 18, 1980. Because the complaint was not accompanied by the filing fee, the complaint was not immediately filed, and under the procedure of the court would not be filed until the petition to proceed *in forma pauperis* was approved. In accordance with this procedure, the petition to proceed *in forma pauperis* was referred by the Clerk's office on April 18, 1980 to the Judge presiding over miscellaneous matters for decision. After the petition to proceed *in forma pau-*

*peris* was granted, the complaint was filed by the Clerk on May 2, 1980. The record indicates that 14 days passed between the date of submission of the petition to proceed *in forma pauperis* and the complaint, and the date of the filing of the complaint. The question raised by these facts is whether the 14 days are excluded from the 90 day period in which plaintiff was required to file his complaint. If the 14 day period is excluded, plaintiff's complaint is timely.

In *Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (6th Cir. 1972), the court held that the limitations period embodied in 42 U.S.C. § 2000e–5(e) was tolled during the period of time in which a motion for appointed counsel was pending before the district court. The court based its decision on equitable grounds, and cited with approval from *McQueen v. E.M.C. Plastic Co.*, 302 F.Supp. 881, 884 (E.D.Tex.1969):

> When the plaintiff made application for an appointed attorney, it was manifestly an act designed to facilitate the filing of a formal complaint. It was, moreover, the sole act over which she had any effective control. *Harris* at 591.

The court further noted that the filing of the motion was a "necessary predicate" to the filing of a complaint under Title VII, and noted that the motion served the legislative purpose of prompt notice contained in the statutory limitations provision.

■ In the instant case, no notice of the petition to proceed *in forma pauperis* was served on defendant. Therefore, defendant was not made aware during the 90 day limitations period that plaintiff intended to pursue his right to sue. However, plaintiff did everything he could to comply with the time schedule and defendant has not alleged that any prejudice has resulted from the delay in filing the complaint, nor is the court aware of any circumstances which indicate that any prejudice might result.

■ The act of petitioning to proceed *in forma pauperis* is an even more essential predicate to filing a Title VII action than a motion for appointed counsel. An indigent plaintiff who cannot afford the filing fee is at an even greater disability, and must necessarily receive permission from the court to proceed without the necessity of paying filing fees before he is even able to file his complaint. The court doors are not open until the order is signed. It follows, therefore, that equitable considerations should again be applied to toll the statute of limitations in this situation.

In accordance with the above, defendant's motion to dismiss is denied.

So ordered.