**Cassie Mae YELVERTON, Plaintiff,**

v.

**BLUE BELL, INC., Defendant.**

**No. 81–074–CIV–8.**

United States District Court,
E. D. North Carolina,
Wilson Division.

Jan. 22, 1982.

Cassie Mae Yelverton, pro se.

William R. Allen, III, Michael E. Williams, Greensboro, N. C., William T. Cranfill, Jr., Blakeney, Alexander & Machen, Charlotte, N. C., for defendant.

ORDER

BRITT, District Judge.

Plaintiff brought this civil action alleging racial discrimination in employment practices in violation of Title VII of the Civil Rights Act of 1964. The matter is before the Court on defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

The basis of defendant's motion is that this Court lacks subject-matter jurisdiction because of plaintiff's failure to file her complaint within the ninety-day statutory period. These actions must be filed within ninety days of the claimant's receipt of a right-to-sue letter from the Equal Employment Opportunity Commission [EEOC]. 42 U.S.C. § 2000e–5(f)(1) (1976).

Defendant claims that the complaint was filed on 12 November 1981, beyond the statutory period. Close scrutiny of the facts, however, indicates that this is not the situation. According to the certified mail return receipt which was attached to the right-to-sue letter, the plaintiff received the notice of the right to sue on 3 August 1981. It is the receipt of this notice from the EEOC which triggers the running of the ninety days. *Stebbins v. Nationwide Mutual Insurance Co.*, 469 F.2d 268, 269 (4th Cir. 1972), *cert. denied*, 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606 (1973).

Although the complaint was actually filed on a date beyond the ninety-day period, there are several factors which militate against this Court's finding that the plaintiff's claim is time-barred. In her response to the motion to dismiss, plaintiff indicates that she came to the Clerk's office of the United States District Court for the Eastern District of North Carolina in Raleigh, North Carolina, on 26 October 1981 ready to file the complaint, after unsuccessful efforts to retain counsel. At the time she attempted to file the complaint, she was unable to pay the filing fee and, instead, filed a declaration in support of request to

proceed *in forma pauperis.* The request was filed on 26 October 1981, which was within the ninety-day statutory period, and an order was entered allowing the motion on 12 November 1981. At the same time her complaint was also filed.

Equitable grounds may serve to toll the running of this statute. *Id.* Filing a motion to proceed *in forma pauperis* is an essential requisite to the maintaining of a Title VII action by an indigent plaintiff. One "who cannot afford the filing fee ... must necessarily receive permission from the court to proceed without the necessity of paying" that fee. *Abram v. Wackenhut Corp.,* 493 F.Supp. 1090, 1091 (E.D.Mich. 1980). In this case, plaintiff possessed no further access to the courts until the order granting her motion to proceed *in forma pauperis* was signed. Equitable principles dictate that the statute of limitations be tolled by her actions of 26 October 1981.

For these reasons, the Court finds that plaintiff's complaint was filed within the period authorized by statute. Therefore, the Court has subject-matter jurisdiction of the claim, and defendant's motion to dismiss is denied.

SO ORDERED.