Deogracias RUIZ, Plaintiff-Appellant,

v.

SHELBY COUNTY SHERIFF'S DEPARTMENT, Defendant-Appellee.

No. 82–5456.

United States Court of Appeals,
Sixth Circuit.

Submitted Nov. 15, 1983.

Decided Jan. 16, 1984.

Deogracias Ruiz, pro se.

H. Wallace Maroney, Jr., Asst. County Atty., G. Hite McLean, Jr., Memphis, Tenn., for defendant-appellee.

Before KENNEDY and WELLFORD, Circuit Judges, and WEICK, Senior Circuit Judge.

WEICK, Senior Circuit Judge.

Appellant Deogracias Ruiz (Ruiz) appeals from an order entered by the United States District Court for the Western District of Tennessee, Western Division, resulting in the dismissal of the Title VII employment discrimination action of Ruiz against the Shelby County Sheriff's Department, Appellee. The District Judge based his order on 42 U.S.C. § 2000e–5(f)(1), which says in part as follows:

> (f)(1) ... If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought ... by the person claiming to be aggrieved.[1]

1. 42 U.S.C. § 2000e–5(e) originally allowed only thirty days after the receipt of notice to bring civil action, but was subsequently redesignated as 42 U.S.C. § 2000e–5(f)(1) and amended to provide, among other things, for the current ninety day period. Pub.L. No. 92–261, § 4(a), 86 Stat. 104 (1972).

2. When Ruiz filed his Notice of Right to Sue, the Clerk's Office completed a "Notice of Filing

## I.

On November 18, 1976, Ruiz filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging that the appellee had discriminated against him on the basis of his national origin in his application for a position as deputy sheriff with Shelby County. On February 9, 1979, the EEOC issued a Letter of Determination finding no cause to believe that the allegations in the charge were true. On November 6, 1981, the EEOC issued to Ruiz a "Notice of Right to Sue within 90 Days," as prescribed by 42 U.S.C. § 2000e–5(f)(1), *supra*.

Eighty days later, on January 25, 1982, Ruiz instituted this cause of action under 42 U.S.C. § 2000e by filing his Notice of Right to Sue with the Clerk's Office, United States District Court for the Western District of Tennessee, Western Division, in Memphis. The district court accepted this notice in order to toll the statute of limitations for filing suits under 42 U.S.C. § 2000e–5(f)(1), but noted that under its local rule the cause would be dismissed unless a formal complaint was filed within thirty (30) days of filing the notice. *See Beckum v. Tennessee Hotel*, 341 F.Supp. 991 (W.D.Tenn.1971) (Wellford, J.).[2]

On the same day that Ruiz filed his right to sue notice, January 25, 1982, he also filed a Pauper's Oath indicating his financial inability to employ counsel, to secure the necessary bond, or to pay the costs of litigation. The oath was approved by an order of the court that "the letter from the P.O. Order be filed and treated as a complaint on a Pauper's Oath, and for the time being, it be shown that the suit be prosecuted Pro Se in that [Ruiz] is representing himself." The record indicates that on January 25, 1982, the Clerk's Office forwarded to the

Administrative Right to Sue Letter." In addition to noting that the case would be dismissed unless a formal complaint was filed within thirty (30) days, the form also indicated that "[t]he Right to Sue Notice was filed in lieu of a formal complaint because the statutory period for filing was about to expire and *the Complainant has been unable to employ counsel.*" (Emphasis added).

appellee by certified mail a copy of the Ruiz Pauper's Oath. Apparently Ruiz then went out to seek counsel prior to filing a motion for the district court to appoint counsel.

On February 25, 1982, Ruiz filed a "Motion of Request the Right to Sue," wherein he requested that the district court appoint counsel to represent him in this cause. District Judge Robert M. McRae, however, held that the court was unable to grant this motion as Ruiz's filing had failed to meet the February 24, 1982, deadline for filing a formal complaint in the cause. In dismissing the complaint of Ruiz, the court noted that Ruiz had 110 days after issuance of his Notice of Right to Sue to search for counsel, and that any extension beyond February 24, 1982, "would disserve the particular purpose of the filing requirement, to protect employers from the burden of defendant claims arising from employment decisions that are long past. *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980)."

On March 29, 1982, Ruiz filed a motion to alter or amend the district court's dismissal of his cause. As bases for the motion, Ruiz cited his financial difficulty in hiring an attorney and the likelihood that he would prevail on the merits should the action go to trial. Ruiz also filed an affidavit listing those attorneys who declined to represent him, and their reasons for so declining. On April 6, 1982, Ruiz also filed another affidavit explaining that he thought thirty days from January 25, 1982, fell on February 26, 1982, the day after Ruiz had requested counsel. In its order denying this motion, the district court noted that Ruiz "ha[d] made serious yet unsuccessful efforts to secure counsel to represent him in this cause," but did not address the mistake alleged in the April 6 affidavit, and then basically repeated its earlier rationale for dismissing the case under 42 U.S.C. § 2000e–5(f)(1).

## II.

On appeal, intervenor EEOC argues vigorously that the district court's action was the equivalent of an involuntary dismissal of the case under F.R.Civ.P. 41(b) "for failure of a plaintiff to prosecute or to comply with [the Civil Rules] or any other order of the court." The EEOC then argues that such involuntary dismissal is an overly harsh sanction where this *pro se* Title VII plaintiff merely filed a single document one day late, and otherwise has not engaged in a clear pattern of delay or contumacious conduct. The appellee responds that the district court's action was not an involuntary dismissal under Rule 41(b), but a proper *sua sponte* dismissal based on the appellant's failure to commence a civil action within the statute of limitations, which was extended gratuitously by the district court. The appellee also raises the equitable defense of laches as a further reason for this court to affirm the dismissal by the district court.

## A.

In *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), the Supreme Court held that compliance with 42 U.S.C. § 2000e–5(d), which required charges to be filed with the EEOC within 90 days of the alleged unlawful employment practice (now amended to extend the time limit to 180 days, and codified as § 2000e–5(e)), is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. The Court stated that in construing the provisions of Title VII, "a technical reading would be 'particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.'" 455 U.S. at 397, 102 S.Ct. at 1134, citing *Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972). Additionally, in *Zipes* the Supreme Court noted that it did not *sua sponte* dismiss the action in *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), on the basis that the District Court lacked jurisdiction because of plaintiff's failure to comply with what we presume to be 42 U.S.C. § 2000e–5(f)(1); instead, in *Mohasco,* the Court merely ob-

served in a footnote that petitioner had failed to assert respondent's failure to file the action within 90 days as a defense. 455 U.S. at 398, 102 S.Ct. at 1135, citing 447 U.S. at 811, n. 9, 100 S.Ct. at 2489, n. 9.

 Therefore, at the outset, we hold that an alleged failure to comply with the 90 day filing period under 42 U.S.C. § 2000e–5(f)(1) is an affirmative defense which is properly plead in an answer to the complaint. See F.R.Civ.P. 8(c). Because the district court dismissed the case prior to the filing of a formal complaint by Ruiz and an answer to the complaint by the appellee, we further hold that dismissal of Ruiz's cause by the district court *sua sponte* was improper in this case.[3]

In light of this holding, we treat the district court's denial of Ruiz's request for counsel as an election by the district court to not exercise its equitable jurisdiction to extend the period in which Ruiz could request counsel. We now address whether such an election was required in the instant case. We approach this issue

> with consciousness of the constitutional principles underlying the Equal Employment Opportunity Act and with the desire to interpret its provisions so as fully to serve the great purposes enunciated by Congress.

> In this regard the Fifth Circuit's language . . . is appropriate:

> "The basic purposes of the Act, however, are clearly discernible. Mindful of the remedial and humanitarian underpinnings of Title VII and of the crucial role played by the private litigant in the statutory scheme, courts construing Title VII have been extremely reluctant to allow procedural technicalities to bar claims brought under the Act. . . ." *Sanchez v.*

*Standard Brands, Inc.,* 431 F.2d 455, 460–61 (5th Cir.1970).

*Harris v. Walgreen's Distribution Center,* 456 F.2d 588, 591 (6th Cir.1972).

In *Harris,* the appellant filed a motion for appointment of counsel within the thirty day period prescribed by the statute for filing a Title VII action.[4] The district court denied the motion. The appellant then filed an "Amended Petition," again seeking appointment of counsel, but reciting his cause of action in more detail. The district judge dismissed the "Amended Petition," again denying appointment of counsel, but adding as a rationale for dismissal that the amended petition had not been filed with the prescribed 30 day period.

On appeal, this court reversed. The court held on equitable grounds that the original motion for counsel "should be regarded as tolling the statute until it was disposed of." 456 F.2d at 592. The court distinguished *Goodman v. City Products Corp.,* 425 F.2d 702 (6th Cir.1970), in which the Sixth Circuit affirmed the district court's dismissal of the Title VII action when there was "no allegation or showing in the record of circumstances justifying a tolling of the statute on recognized equitable principles." 425 F.2d at 704. Furthermore, the court held that

> when after decision on the motion for counsel the time remaining is unreasonably short for securing a lawyer and filing a complaint, the District Judge's order granting or denying the motion for appointment of counsel should set a reasonable time. Normally we would expect the statutory period of 30 days to be employed as a guide in this regard.

*Harris,* 456 F.2d at 592. Thus, the equitable "extension of time" under *Harris* entails not only an initial tolling of the statute to

---

**3.** In its "Notice of Filing Administrative Right to Sue Letter," the District Court clearly indicated that filing the notice served to toll the statutory period, and that Ruiz was still required to file a formal complaint. F.R.Civ.P. 8(a) requires that a complaint contain a jurisdictional statement, a claim for relief, and a demand for judgment. To the extent that the Notice of the Right to Sue is deficient in these respects, its filing cannot constitute the filing of

a complaint sufficient to commence a civil action under F.R.Civ.P. 3. To the contrary *see Huston v. General Motors Corp.,* 477 F.2d 1003, 1008 (8th Cir.1973). Therefore, the district court's dismissal cannot be construed as an involuntary dismissal of an action under F.R. Civ.P. 41(b).

**4.** See note 1, *supra.*

deal with the plaintiff's need for counsel, but also an additional reasonable time beyond the statutory period for filing the complaint.

Consistent with this circuit's decision in *Harris,* some courts, including the District Court for the Western District of Tennessee, Western Division, have extended *Harris* to accept plaintiff's Notice of Right to Sue and/or request for appointment of counsel as a complaint sufficient to equitably toll the statutory period. *See* (then District) Judge Wellford's opinion in *Beckum v. Tennessee Hotel, supra. See also Hawkins v. International Harvester,* 461 F.Supp. 588, 591 (W.D.Tenn.1978) and cases cited therein.

### B.

■ Consistent with *Harris,* the District Court in this case granted Ruiz an equitable tolling of the statutory period. Therefore, in reversing the district court's dismissal of the case, we hold that on equitable grounds, the case should be remanded for a determination by the District Court under its equitable jurisdiction of whether Ruiz filed his request for counsel within "a reasonable time" under *Harris,* notwithstanding his failure to file his request until 31 days after the filing of his right to sue notice and pauper's oath. In so holding, we discuss some of the unusual facts of this case which compel our decision.

As previously noted, Ruiz filed both his right to sue notice and pauper's oath on January 25, 1982, eighty days after receipt of the notice and well within the 90 day statutory period prescribed by 42 U.S.C. § 2000e–5(f)(1). Ruiz then went out again to seek counsel to assist in his filing of the formal complaint, as he apparently had done prior to filing his right to sue notice, and when unsuccessful in his search, filed a motion requesting counsel within what he thought to be the prescribed 30 day period. In its order denying the motion of Ruiz to alter or amend judgment, the District Court noted that Ruiz had made "serious yet unsuccessful efforts to secure counsel," but then stated that "[a]lthough it appears that Ruiz knew from his May and June efforts of his difficulty in securing counsel, he did not file a motion requesting the appointment of counsel within the extensive 110 day filing period." Yet both the "Notice of Filing Administrative Right to Sue Letter" completed by the Clerk's Office, and the Pauper's Oath sworn by appellant on January 25, 1982, clearly indicated that he was unable to employ counsel. It is not surprising that Ruiz, who could not afford counsel and who had been previously unsuccessful in securing counsel, again did so fail to secure counsel. To the extent that the delay of Ruiz in filing his request for appointment of counsel was at least in part caused by the District Court's failure to determine that Ruiz did not intend to prosecute the case *pro se* and needed to have counsel appointed, this factor may be considered by the District Court in determining whether Ruiz filed his request within a reasonable time under *Harris,* such that the court could equitably extend the tolling period to request counsel from thirty to thirty-one days.[5]

---

**5.** We note that other cases which addressed less than formal complaints involved a formal "Application for Appointment of Counsel and Authorization to Commence Suit Without Prepayment of Fees, Costs, or Security." *See, e.g., Rice v. Chrysler Corp.,* 327 F.Supp. 80, 82 (E.D. Mich.1971). We approve of such an application, which would enable the district court to resolve concurrently the complainant's need for counsel and his inability to pay for the costs of the suit, and would be consistent with the Congressional provision within 42 U.S.C. § 2000e–5(f)(1) that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."

A procedure whereby a claimant unable to afford an attorney or the costs of litigation still goes out to seek counsel will, if the appointment of counsel is otherwise appropriate, result only in delay in the filing of a formal complaint and in the ultimate resolution of the case. *See Hawkins, supra,* 461 F.Supp. at 591 (important concern in Title VII cases is time in which plaintiff eventually files formal complaint). We do not intend to imply by our action in this case, however, an automatic right to the appointment of counsel for all Title VII plaintiffs who cannot afford but request counsel's ap-

Several other factors merit brief discussion by this court. First, we note that in the affidavit in support of his motion to alter or amend judgment submitted April 6, 1982, Ruiz has alleged confusion about the exact day which 30 days after January 25, 1982, would fall on, thus indicating that his request for counsel on February 25, 1982, was a good faith attempt to comply with the District Court's tolling period. The District Court gave no consideration to this allegation in its order denying appellant's motion to alter or amend judgment. "District courts should be sensitive to the problems faced by *pro se* litigants and innovative in their responses to them." *Caston v. Sears, Roebuck & Co.,* 556 F.2d at 1310.

Second, we note that because the Clerk's Office mailed a copy of the pauper's oath of Ruiz to the appellee by certified mail, the appellee had definite notice of Ruiz's potential suit within the prescribed 90 day period. *See Beckum,* 341 F.Supp. at 993, in which Judge Wellford in part based his acceptance of preliminary papers on the fact that defendant Tennessee Hotel had been put on notice.

Finally, we note that Ruiz filed his right to sue notice with the clerk's office eighty days after receipt, so that when this period was combined with the district court's thirty day tolling of the statute, the appellant had 110 days to request counsel. It is true that appellant did not do so until the 111th day. Yet if the appellant had waited until the 90th day to file his notice, the period allowed by 42 U.S.C. § 2000e–5(f)(1), then in light of the 30 day tolling of the statute, Ruiz rightfully would have had 120 days to file his request. The appellee has not alleged any prejudice directly arising from the one day delay of Ruiz. Nor could we imagine prejudice arising from such delay, especially in light of the fact that if Ruiz had waited 90 days to file his notice, the Western District of Tennessee could have given him a total of 120 days to request the

pointment. *See Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir.1977) (no such

appointment of counsel. *See Harris, supra,* 456 F.2d at 592.

## C.

Laches is an equitable doctrine which bars an action where a party's unexcused or unreasonable delay has prejudiced his adversary. *U.S. v. Weintraub,* 613 F.2d 612, 619 (6th Cir.1979), *cert. denied,* 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980). The affirmative defense of laches is properly plead in an answer to the complaint. F.R.Civ.P. 8(c). Because the district court dismissed the case prior to the filing of a formal complaint by Ruiz and an answer to the complaint by the appellee, the appellee's contention that this suit should be barred by laches is raised for the first time with this court. However, appellee's argument would only properly be raised here after the filing of a formal complaint and answer, and after consideration of the merits of the defense by the district court. Therefore, we specifically do not decide either that laches can be used as a defense to a Title VII action brought by a private plaintiff, or that laches is appropriate in this particular case. *Cf. Boone v. Mechanical Specialties Co.,* 609 F.2d 956, 960 (9th Cir.1979) (laches as defense in Title VII is an exception rather than rule).

The dismissal by the District Court is REVERSED, and the case is REMANDED for a determination by the District Court under its equitable jurisdiction of whether the appellant filed his request for counsel within "a reasonable time" under *Harris.*