**Cynthia A. SALINS, Plaintiff,**

v.

**CITY OF DAYTON, et al., Defendants.**

**No. C–3–83–525.**

United States District Court, S.D. Ohio, W.D.

July 10, 1985.

Leslie Landen, Franklin, Ohio, for plaintiff.

Arthur W. Harmon, Jr., Maureen Pero, Dayton, Ohio, for defendants.

## DECISION AND ENTRY CONDITIONALLY OVERRULING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; FURTHER PROCEDURES ORDERED

RICE, District Judge.

This case is before the Court on Defendant City of Dayton's Motion for Summary Judgment. Dayton seeks summary judgment on Plaintiff's claim for relief under Title VII, 42 U.S.C. § 2000e *et seq.* Dayton argues that Plaintiff's Title VII claim is time barred by 42 U.S.C. § 2000e–5 because Plaintiff did not initiate this action within 90 days of receiving her notice-of-right-to-sue letter, as required by law. Plaintiff concedes that she did not file her Complaint within 90 days of receiving her right-to-sue letter; however, Plaintiff contends that her failure to do so is excused by the doctrine of equitable tolling because she filed with this Court an application for appointment of counsel and to proceed *in forma pauperis* within 20 days of receiving her notice-of-right-to-sue letter. Dayton, in turn, contends that the doctrine of equitable tolling has no application herein because the Plaintiff was represented by an attorney throughout the proceedings before the Equal Employment Opportunity Commission (hereinafter "EEOC"). Indeed, the same attorney is co-counsel for Plaintiff in this action.

In *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court concluded that the time limitations contained in Title VII are not jurisdictional; rather, they are subject to equitable tolling. The Sixth Circuit has long recognized the applicability of the

doctrine of equitable tolling to situations wherein a person files an application for the appointment of counsel within the statutory 90-day limitation period. *See Ruiz v. Shelby County Sheriff's Department*, 725 F.2d 388 (6th Cir.1984); *Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (6th Cir.1972). The present case is admittedly distinguishable from *Ruiz* and *Harris* because Plaintiff herein (unlike the Plaintiff in those cases) was represented by counsel at the time she filed her application for appointment of counsel. Nevertheless, it is this Court's opinion that if there was no prejudice to Dayton, the facts and circumstances of the present case command the application of the doctrine of equitable tolling.

When applying the doctrine of equitable tolling, the factors for a court to consider include:

1. Lack of notice of the requirement in question;

2. Lack of constructive notice of the requirement in question;

3. Diligence in pursuing one's rights;

4. Absence of prejudice to the Defendant;

5. Plaintiff's reasonableness in remaining ignorant of the requirement in question.

*See Wright v. State of Tennessee*, 628 F.2d 949, 953 (6th Cir.1980); *Abbott v. Moore Business Forms, Inc.*, 439 F.Supp. 643, 646 (D.N.H.1977); *Perazzo v. Top Value Enterprises, Inc.*, 590 F.Supp. 428, 433 (S.D. Ohio 1984). Herein, in his affidavit, Plaintiff's attorney candidly admits a certain confusion over the proper procedure for securing appointment of counsel. Plaintiff filed an application for appointment of counsel and request to proceed *in forma pauperis* within 20 days of receiving her notice-of-right-to-sue letter. This Court did not respond to same until after the 90-day limitation period had run. Once again, con-

sidering all of the above factors, particularly the diligence with which Plaintiff pursued her rights, this Court concludes that principles of equitable tolling should apply herein, *unless* Dayton can demonstrate prejudice.[1]

Notwithstanding the foregoing, the doctrine of equitable tolling should not be applied herein if its application results in any prejudice to Dayton. Prejudice for purposes of the doctrine of equitable tolling means the disposal of evidence and the inaccessibility of witnesses, the dimming of recollections and other disadvantages incident to the lapse of time. *Cf. Olympia Werke Aktiengesellschaft v. General Electric Co.*, 545 F.Supp. 598, 614 (W.D.Va. 1982) (laches). Dayton did not address the question of prejudice in its motion. Accordingly, the Court contingently overrules Dayton's Motion for Summary Judgment. This ruling will become final unless Dayton files an affidavit with this Court, within seven days of the entry of this Decision, demonstrating the prejudice that it suffered as a result of Plaintiff's failure to timely file her Complaint.

---

1. The Court acknowledges that many other courts have stated broadly that a Title VII claimant represented by counsel cannot rely on equity to toll the time limitations imposed by Title VII. *Perez v. Dana Corp.*, 545 F.Supp. 950, 953 (E.D.Pa.1982) and cases cited therein. However, in none of these cases did a claimant file an application for appointment of counsel well within the statutory 90-day limitation period.