791 F.2d 936
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FANNIE P. WILEY, Plaintiff-Appellant
v.
CENTRAL OHIO TRANSPORT AUTHORITY, Defendant-Appellee.
 84-3993
 United States Court of Appeals, Sixth Circuit.
 4/24/86
 
 VACATED AND REMANDED
 
 S.D.Ohio
 ORDER
 
 1
 BEFORE: MERRITT and JONES, Circuit Judges, and THOMAS, Senior District Judge.*
 
 
 2
 This pro se plaintiff appeals from a summary judgment dismissing her amended Title VII suit for being filed more than ninety days after she received her right-to-sue letter.
 
 
 3
 Plaintiff received her notice of right-to-sue letter on either December 12 or 13, 1982. The latter date was used by the district court, and it will likewise be used by this Court. Seventy-seven days later, the plaintiff filed a copy of her notice of right-to-sue letter and a motion requesting counsel and permission to proceed in forma pauperis in the district court. The court granted her pauperis status on March 16, 1983, but did not rule on her request for counsel. On May 5, 1983, plaintiff filed a notice with the court that she had retained counsel. On June 9, 1983, plaintiff filed a motion to file an 'amended complaint' charging racial and sexual discrimination against the defendant-company. Upon review of the cause, the district court ruled in light of Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984) (per curiam), that plaintiff's suit was untimely and the ninety-day time period was not sufficiently tolled.
 
 
 4
 On appeal, the plaintiff argues pro se that no one has helped her adequately pursue her case and she has never received adequate reasons explaining her discharge. Concluding that the running of the ninety-day time period was adequately tolled for reasons which will follow, we vacate the district court's judgment and remand the cause for further proceedings.
 
 
 5
 The district court properly ruled that plaintiff's filing of her notice of right-to-sue letter and her motion for the appointment of counsel did not constitute the proper filing of a civil action under Rules 3 and 8, Federal Rules of Civil Procedure, as required by 42 U.S.C. Sec. 2000e-5(f)(1), within ninety days after plaintiff's receipt of the notice of her right-to-sue. Baldwin County Welcome Center v. Brown, supra. The district court, however, improperly applied the tolling principles to plaintiff's case. Although the Supreme Court rejected the tolling argument in Baldwin, it noted with reference to a Sixth Circuit case, that: 'This is not a case . . . where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, see Harris v. Walgreen's Distribution Center, 456 F.2d 588 (CA 6, 1972).' Baldwin County Welcome Center v. Brown, supra, 466 U.S. at 151. In Harris, we ruled that the time for filing a suit under Title VII would be tolled while a motion for the appointment of counsel is pending; and it would continue to be tolled for a reasonable time, usually 30 days, to allow sufficient time for counsel to prepare and file the lawsuit. Harris v. Walgreen's Distribution Center, supra, 456 F.2d at 592.
 
 
 6
 In the instant case, the district court only excluded the time from the filing of plaintiff's notice of right to sue and motion for counsel on February 28, 1983, and the filing of her notice of retention of counsel on May 5, 1983. It failed to exclude an additional period of time, 30 days proposed by this Court in Harris, to allow counsel time to prepare and file a complaint. Tolling the ninety-day time period for an additional thirty days as proposed in Harris thus renders the time period to have started again on June 5, 1983, leaving plaintiff thirteen more days to file her lawsuit. She filed her motion to file the amended complaint on June 9, 1983; when granted, plaintiff filed her suit on June 13, 1983, five days shy of the running of the ninety-day time period. Pursuant to Baldwin and Harris, therefore, plaintiff's suit was timely. Plaintiff should, accordingly, be given an opportunity to present evidence in support of her claims, the merits of which are not presently before this Court.
 
 
 7
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, vacated pursuant to Rule 9(d)(4), Rules of the Sixth Circuit, and the cause is hereby remanded for further consideration.
 
 
 
 *
 The Honorable William K. Thomas, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation