820 F.2d 1225
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patricia K. MCGOWAN, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 NO. 86-3154.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1987.
 
 Before GUY and BOGGS, Circuit Judges, and WOODS, District Judge.*
 * PER CURIAM.
 
 
 1
 Patricia R. McGowan sued in United States District Court under 42 U.S.C. Sec. 2000e et seq., and 29 U.S.C. Sec. 791, alleging that the United States Postal Service (USPS) had discriminated against her on the basis of her race, sex, and physical impairment by firing her. McGowan was ostensibly fired for conduct unbecoming a postal employee and for violating the USPS's Code of Conduct, based on her indictment for welfare fraud. Her complaint was dismissed for failure to file within 30 days of the final agency decision finding no discrimination. McGowan argues that the time for filing should have been equitably tolled. Because we find that there was no justification for equitable tolling, we affirm the district court's decision.
 
 II
 
 2
 McGowan was fired effective June 24, 1983. On July 25, she filed an internal complaint with the USPS. On May 21, 1984, the USPS issued its final agency decision, denying that McGowan had been discriminated against, and informing her that she had thirty days to file a claim in court. Rather than immediately filing suit, McGowan sent a letter on June 18 to the Equal Employment Opportunity Commission (EEOC), requesting that an attorney be appointed for her. She sent a copy of the EEOC letter, with a cover letter stating her intent to sue, to the USPS. On June 22, the EEOC advised McGowan that her request should be made to the district court, and that she could ask the court for an extension of time for filing her counsel request. On July 9, McGowan requested 1) court-appointed counsel, 2) the right to proceed in forma pauperis, and 3) an extension of the deadline for filing a complaint, in district court. The court denied her application for leave to proceed in forma pauperis. On July 26, McGowan filed her complaint with the court, but it was dismissed for failure to file within 30 days of her receipt of the agency's final decision.
 
 III
 
 3
 McGowan argues that her request for court-appointed counsel, albeit of the wrong institution, and service of notice upon the USPS should equitably toll the statutory time period. She asserts that the primary purpose of a time limit upon the commencement of a cause of action is to provide notice to the adverse party, not the court. Thus, as the USPS received notice upon her first request of the EEOC for counsel, which was within the statutory time limit, there is no reason to deny her her day in court.
 
 
 4
 However, notice only arises secondarily. As the Supreme Court stated in Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151-52 (1984):
 
 
 5
 [Plaintiff] also contends that the doctrine of equitable tolling should apply because the [defendant] has not demonstrated that it was prejudiced by her failure to comply with the Rules [of Civil Procedure]. This argument is unavailing. Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for involving the doctrine and sanctioning deviations from established procedures.
 
 
 6
 Thus, before we can consider the importance of notice, we must first determine whether there is an identifiable factor which might justify equitable tolling.
 
 
 7
 Our prior decisions and decisions from the Supreme Court provide guidance in this effort. For instance, in Baldwin County, 466 U.S. 147 (filing of right to sue letter, rather than an actual complaint, did not satisfy Rules 3 and 8(a)(2), Fed.R.Civ.P., because an action commences with a complaint ), the Supreme Court stated in dicta that factors which would justify equitable tolling include inadequate notice to a party, a pending motion for appointment of counsel, a plaintiff's belief, induced by the court, that she had done everything required of her, or a defendant's lulling of a plaintiff into inaction. Similarly, in Harris v. Walgreen's Distribution Center, 456 F.2d 588 (1972), this court held that a motion for counsel pending before a district court can toll a statute of limitations.
 
 
 8
 For each of these factors the party either 1) received inaccurate information, as in Gates v. Georgia-Pacific Corp., 492 F.2d 292 (9th Cir.1974); Carlile v. South Routt School District RE 3-J, 652 F.2d 981 (10th Cir.1981); Villasenor v. Lockheed Aircraft Corp., 640 F.2d 207 (9th Cir.1981); Wilkerson v. Siegfried Insurance Agency, Inc., 621 F.2d 1042 (10th Cir.1980); or 2) did all that was possible under the circumstances, as in Harris, 456 F.2d at 591, in which moving the district court for appointment of counsel "was the sole act over which [the plaintiff] had any effective control." (quoting, with approval, McQueen v. E.M.C. Plastic Co., 302 F.Supp. 881, 884 (E.D.Tex.1969)).
 
 
 9
 McGowan was not misled, nor did she do all that was possible under the circumstances. The final agency decision sent to her told her that she had to file her civil action with the appropriate district court, and told her of the deadline for filing. We also note that McGowan had been a representative in handling EEOC complaints for other employees, which at least suggests that she was not ignorant of the importance of proper administrative procedure.
 
 
 10
 Thus, none of the factors justifying equitable tolling are present here.[1] The decision of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable George E. Woods, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 We also note, but do not address, defendant's argument that equitable tolling does not run against the United States because its waiver of sovereign immunity should be strictly limited to the conditions set out in the statute, which include the timely filing of a complaint