**Shirley A. BARNER, Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant.**

**No. 89 C 0941.**

United States District Court,
N.D. Illinois, E.D.

Aug. 9, 1990.

Angelo J. Bufalino, C. Michael Kendall, Lockwood, Alex, FitzGibbon & Cummings, Chicago, Ill., for Shirley A. Barner.

Ronald A. Bobbitt, Burgess F. Ervin, Bobbitt & Associates, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

Responsible legal representation is of paramount importance to our federal judicial system. In most instances, the legal representatives are the ones who ensure that all of the procedural obligations and filing deadlines are being met, assuring thereby the possibility of victory for the deserving litigant. It is not uncommon for an aggrieved party, acting pro se or without diligent representation, to go uncompensated for even the most obvious inequity. Conversely, a party acting with the aid of counsel properly diligent to both the relevant legal matters and the procedural responsibilities involved should be able to seek and receive atonement commensurate with any injury he or she may have suffered.

The life of this case hinges on whether or not newly appointed counsel can get it started on track again when a procedural error has been made. The issue in the case is whether neglect by former counsel in a procedural matter was so severe that it precludes the plaintiff not only from winning her challenge to the defendant, if this she deserves, but from even having her "day in court." This court concludes that she should at least be afforded the opportunity to be heard.

Shirley Barner believed that her employment termination from Ford Motor Company was in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e et seq. After exhausting her administrative remedies, Ms. Barner sought to challenge in court her termination by filing a *pro se* complaint against the Ford Company. This she herself did on February 6, 1989. At that time she asked to proceed *in forma pauperis,* (without payment of filing fees), and she requested the Court to furnish for her an attorney to represent her. The court granted her motion and caused the appointment for her of a member of its trial bar as her attorney.

Soon thereafter Mrs. Barner called her lawyer and told him about a letter she had just received from the U.S. Marshal's office explaining that service of the summons and complaint upon her former employer could not be performed until she had provided the Marshal's Service with a "USM–285 Process Receipt and Return Form." At that time, and thereafter in conversations and correspondence with her attorney she was told by him "not to worry about the matter now that he was handling the case, and that he would arrange to serve the summons and complaint on the defendant." Plaintiff's brief, Exh. A, ¶ 15. Relying on his representations she left the matter entirely in the hands of her "court-appointed" attorney. He did nothing.

On June 6, 1989, the 120 day limitations period prescribed by Rule 4(j) for service of a complaint upon a defendant expired. Over two weeks later, in a letter dated June 22, 1989, her lawyer, without mentioning service of summons on Ford, "strongly" recommended to her that she dismiss her complaint. His advice was followed with a statement concerning his desire to

comply with the Code of Professional Responsibility. In completing the final step in this sequence, the lawyer asked leave of court and was permitted to withdraw from the case.

When notified of his withdrawal, plaintiff "traveled to the clerk's office to review the court file and [there she discovered that] the defendant had never been served." She then asked the clerk if she could still get the appropriate forms for use in service upon the defendant and was informed that she could. She left the Clerk's Office with the forms and the complaint was thus served on the defendant company some 159 days after it had been filed.

The defendant has moved to dismiss the plaintiff's case for not having complied with Fed.R.Civ.P. 4(j) which provides:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

In support of the motion before the court, the defendant cites several cases in which the plaintiffs missed this deadline without good cause and the cases were dismissed. Principally among them are *Coleman v. Greyhound Lines, Inc.*, 100 F.R.D. 476 (N.D.Ill.1984), and *Geiger v. Allen*, 850 F.2d 330 (7th Cir.1988).

In *Coleman* another judge of this court held that neither the plaintiff's prior attorney nor his new counsel (incidentally neither of them was court-appointed) had exercised due diligence. Specifically, he pointed to a 69 day period of inaction immediately following the filing of the complaint, and then he referred to the last eight days of the 120 day period when the new attorney had actual knowledge of non-service. He explained that they are precisely just such periods of inactivity by counsel that the limitations period was designed to prevent. In *Geiger*, the Seventh Circuit recognized that a meritorious cause of action may be dismissed solely because of plaintiff's attorney's negligence. Here again, the court pointed to lengthy periods of inactivity and half-hearted effort made by plaintiff's chosen counsel to refute the plaintiff's claim of good cause. However, in citing its earlier decision in *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir.1987), the Seventh Circuit conceded that whether the plaintiff had established "good cause" is "a discretionary determination entrusted to the district court."

In the instant case, when evaluating the defendant's motion to dismiss, this court's primary consideration must be Ms. Barner's contention that in seeking relief from the delay she has good cause. In attempting to show good cause, Ms. Barner has demonstrated that she herself did everything in her power to expedite the proceedings. From the beginning she followed appropriate channels by first seeking an investigation by the EEOC and then by filing her *pro se* complaint in a timely fashion. The court believes that, upon being notified by the U.S. Marshall regarding necessity of having the defendant properly served, Ms. Barner herself could have promptly arranged to have proper service made and the case would have proceeded without a hitch; but she relied upon a lawyer given to her by the court, an attorney chosen by the court to assist her. Then when he missed the service date he withdrew, while repeatedly assuring her that procedurally the case was moving properly. Ms. Barner herself undertook again to continue where much earlier she had left off.

The Court believes that Ms. Barner has adequately shown good cause to excuse her for the delay that exceeded the 120 days. But for the neglect of court-appointed attorney, service upon the defendant would doubtedlessly have been timely and effective. He was not her attorney of choice nor was he to be compensated by her. He seems to have been completely unmotivated by her accounts of what she says had happened and uninterested in the task of representing her. Ms. Barner relied upon the effectiveness of our judicial system and

it would be an injustice to her to require her to bear the brunt of what may be the court's failure to pass out to all attorneys appointed by it to represent indigent defendants instructional pamphlets or other documents that would among other things admonish them to always effect timely service upon the opposing party.

While weighing the defendant's dismissal motion against Ms. Barner's showing of "good faith," the court must consider any prejudice or injury that might occur to the defendant or to the court itself if dismissal is not allowed. The defendant Ford Motor Company is generally known to be a large and historically well managed business. It is reasonable to presume that it has an abundance of records that are carefully kept long past the time of their initial use and that its self investigation in this matter at the time it was in the hands of the EEOC was thorough. The court cannot conceive any way in which Ford would be prejudiced in this case merely because it was served notice of the case 159 days rather than 120 days after the complaint was filed; and, of course, there is no measurable injury to the court.

## CONCLUSION

Ms. Barner's newly appointed attorney has investigated the facts of this case, and is prepared to go forward with the case without further delay. Accordingly, the defendant's motion to dismiss for violation of Rule 4(j) must with the court's own apologies be denied. Any other ruling would lack fundamental fairness.