Edward M. DEAN, Plaintiff–Appellant,

v.

**VETERANS ADMINISTRATION
REGIONAL OFFICE,**
Defendant–Appellee.

No. 90–3948.

United States Court of Appeals,
Sixth Circuit.

Argued July 30, 1991.

Decided Sept. 6, 1991.

**668**

Denise J. Knecht (argued and briefed), Cleveland, Ohio, for plaintiff-appellant.

Iden Grant Martyn, Asst. U.S. Atty. (argued and briefed), Cleveland, Ohio, for defendant-appellee.

Before KENNEDY and JONES, Circuit Judges, and GIBSON, Chief District Judge.[*]

NATHANIEL R. JONES, Circuit Judge.

Plaintiff-appellant Edward M. Dean appeals the district court's dismissal of his Title VII complaint as untimely and for failure to name the proper defendant. For the following reasons, we affirm the judgment of the district court.

## I.

In February of 1985, Dean began his employment with the Veterans Administration ("the VA") as a loan service representative in the Cleveland, Ohio office. He transferred to the portfolio loan section in April of 1987. In May of 1988, Dean was issued a Notice of Performance Deficiency. Later the same year, in September of 1988, the VA recommended that Dean be terminated for failing to meet minimum performance standards. He was terminated the following month for unacceptable work performance.

Claiming that he had been a victim of handicap discrimination, Dean sought administrative review before the Merit Systems Protection Board ("MSPB"). Dean alleged handicap status due to multiple sclerosis and irritable bowel syndrome. On October 16, 1989, the MSPB issued an order denying Dean's petition for review of an initial decision that he was not discriminated against on the basis of any handicap. 42 M.S.P.R. 192. The order also advised him that, should he desire to do so, he must file a civil action within thirty days of receipt of the order. Dean received notice of the MSPB decision on October 18, 1989.

Dean secured an attorney who agreed to prepare and litigate his claim without the prepayment of attorneys' fees or other security. On November 13, 1989, within thirty days of receiving the MSPB order, Dean filed an application to proceed *in forma pauperis* in the United States District Court for the Northern District of Ohio. Although Dean attempted to file his complaint on November 13, 1989, along with his request to proceed *in forma pauperis*, "the clerk's office refused to accept the complaint until the magistrate had ruled on Dean's application to proceed *in forma pauperis*." J.App. at 13–14. The clerk's office did, however, take physical possession of the complaint. On December 4, 1989, the district court granted Dean's application. The following day, December 5, 1989, Dean's complaint was filed against the Veteran's Administration Regional Office seeking, among other things, damages resulting from handicap discrimination.

On December 8, 1989, Dean mailed the Summons and Complaint to the Regional Office of the Veterans Administration, the acting United States Attorney, William J. Edwards, and the United States Attorney General, Richard Thornburgh. The VA Regional Office received service on December 12; Edwards received service on December 13; and Thornburgh received service on December 14, 1989. After five extensions, on April 12, 1990, the VA Regional Office filed an answer. In this answer, defendant claimed as affirmative defenses the lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

---

[*] The Honorable Benjamin F. Gibson, Chief United States District Judge for the Western District of Michigan, sitting by designation.

On July 13, 1990, the VA Regional Office filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6). The district court granted the VA's motion to dismiss on September 18, 1990. This appeal followed. The issues raised on appeal are: (1) whether the district court erred in dismissing Dean's complaint as untimely; and (2) whether the district court erred in dismissing Dean's complaint for failure to name the proper defendant.

## II.

Chapter five of the United States Code, section 7703, governs judicial review of decisions of the MSPB. 5 U.S.C. § 7703(b)(2) provides in relevant part:

> Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)), ... Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

The Veterans Administration contends that § 7703(b)(2) is jurisdictional and thus not subject to equitable tolling. Therefore, the Veterans Administration argues, as Dean's complaint was untimely, we must affirm the district court's dismissal due to the jurisdictional nature of § 7703(b)(2). We agree in part.

In *Hilliard v. United States Postal Service*, 814 F.2d 325 (6th 1987), plaintiff sought review of a MSPB decision. The issue in *Hilliard* was "whether a petition is timely filed pursuant to 5 U.S.C. § 7703(b)(2) where the limitations period expires on a Sunday (or Saturday or legal holiday) and the petition is filed on Monday

(or the next day the courthouse is open)." *Id.* at 326. This court held that

> [T]he 30 day limitations period for filing an appeal under 5 U.S.C. § 7703(b)(2) is a jurisdictional prerequisite to judicial review of an MSPB decision and cannot be extended. Thus, once appellant failed to file his action within the 30 day limitation period, the district court properly dismissed the case for lack of jurisdiction.

*Id.* at 327. *See also King v. Dole*, 782 F.2d 274 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 856, 107 S.Ct. 194, 93 L.Ed.2d 126 (holding that § 7703(b)(2) is jurisdictional); *Lofton v. Heckler*, 781 F.2d 1390 (9th Cir. 1986) (per curiam)[1] (jurisdictional); *Taylor v. Tisch*, 686 F.Supp. 304 (S.D.Fla.1988) (jurisdictional).[2]

Dean contends that in *Irwin v. Veterans Administration*, —— U.S. ——, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Supreme Court overruled *Hilliard* by implication. We disagree. In *Irwin*, the petitioner filed a complaint with the Equal Employment Opportunities Commission ("EEOC") after he was fired by the Veterans Administration. On March 19, 1987, the EEOC dismissed petitioner's complaint and informed him by letter that he had the right to file a civil action under Title VII within thirty days of receipt of the EEOC notice. Petitioner received the EEOC's letter on April 7, 1987. The letter, however, arrived at his attorney's office on March 23, 1987, while the attorney was out of the country. Petitioner's attorney did not learn of the EEOC's action until his return on April 10, 1987. A complaint was filed in federal district court on May 6, 1987. The Court held that the right-to-sue letter was received when it arrived at the attorney's office on March 23, 1987, and thus the complaint was untimely. The Court also held that the provisions of § 2000e–16(c) are subject to equitable tolling doctrines,

---

1. The Ninth Circuit, however, has hinted that it might decide the question differently if presented with the issue again. *See Valenzuela v. Kraft, Inc.*, 815 F.2d 570 (9th Cir.1987), *modifying*, 801 F.2d 1170 (9th Cir.1986).

2. The most recent circuit to address the issue of whether § 7703(b)(2) is jurisdictional was the

Fourth Circuit in *Johnson v. Burnley*, 887 F.2d 471 (4th Cir.1989). In *Burnley*, the court held that § 7703(b)(2) was not jurisdictional and thus subject to equitable tolling. However, this opinion has been vacated, as the circuit has decided to hear the case *en banc. Id.* at 471. No opinion has been issued.

but not in a case where the plaintiff fails to exercise due diligence in preserving his legal rights. *Id.* 111 S.Ct. at 457–58. The Court determined that the principles of equitable tolling were not applicable in petitioner's case.

Relying upon *Irwin*, Dean contends that because § 7703(b)(2) incorporates 42 U.S.C. § 2000e–16(c), which is subject to equitable tolling under *Irwin*, § 7703(b)(2) itself must also be subject to the equitable tolling doctrine.

Section 7703(b)(2) does state that "Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–16(c))[.]" However, § 7703(b)(2) further states that "Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual received notice of the judicially reviewable action[.]" This latter portion of § 7703(b)(2) suggests that it overrides any other provisions, including the provisions of § 2000e–16(c). Such a reading is further supported by the fact that § 7703 is the section which confers jurisdiction. *See King,* 782 F.2d at 276 ("[G]iven ... the clear relationship between the time requirement in section 7703(b)(2) and the district court's authority to hear the case, we do not have the luxury of using the general policy associated with remedial statutes to decide whether the timely filing requirements affects the court's jurisdiction.") (citing *Zipes v. Transworld Airlines,* 455 U.S. 385, 393–94, 102 S.Ct. 1127, 1132–33, 71 L.Ed.2d 234 (1982)).

If we were writing on a clean slate, we might well be persuaded by Dean's contentions here. However, *Hilliard* is the law in this circuit and it was not overruled by the Supreme Court in *Irwin*.

■ Nonetheless, the district court's finding that Dean's complaint was untimely screams of a grave injustice. It is undisputed that Dean filed his complaint, along with a request to proceed *in forma pauperis,* within the thirty-day period of § 7703(b)(2). He was at the courthouse, in the clerk's office with complaint in hand before the expiration of § 7703(b)(2)'s thirty-day requirement. Dean's complaint was not immediately "accepted" for filing because he sought to file his complaint *in forma pauperis.*

Section 7703(b)(2) states that "[c]ases of discrimination subject to the provisions of section 7702 of this title shall be filed under [42 U.S.C. § 2000e–16(c)]." 42 U.S.C. § 2000e–16(c) provides that a federal employee "may file a civil action as provided in 42 U.S.C. § 2000e–5." Finally, 42 U.S.C. § 2000e–5(f) provides in part:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

Section 2000e–5(f) contains no language with respect to when a complainant should attempt to gain permission to file *in forma pauperis.*

The district court held that because Dean's complaint was not accepted for filing until after § 7703(b)(2)'s thirty-day requirement, it was untimely. The court made no significant comment on the fact that Dean did all in his power to comply. He could not grant himself permission to file *in forma pauperis.* Only the court had such authority. In essence, Dean was at the mercy of "the court's speed." As the district court's opinion revealed, this was not a good place to be. If the court acted quickly, he was timely; if not, he was untimely.

In this day of overcrowded court dockets, it is not surprising that the district court was unable to grant Dean permission to file *in forma pauperis* any earlier than it did. Dean filed for permission to file *in forma pauperis* and attempted to file his complaint on November 13, 1989. His request to file without the payment of costs was not granted until December 4, 1989, a time period of twenty-one days.

Under the district court's reasoning, however, Dean, or any other plaintiff, could file for permission to file *in forma pauper-*

*is* on the tenth day of § 7703(b)(2)'s thirty-day period, not receive permission until twenty-one days later, and find their complaint barred as untimely. Surely this was not the intent of Congress.

Dean relies heavily upon *Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (6th Cir.1972). In *Harris*, plaintiff received notice of his right to sue on January 8, 1971. On January 26, 1971, plaintiff requested the district court to appoint him counsel, but the district court denied this request on the same day. Subsequently, and after more than thirty days of the issuance of the right to sue letter, plaintiff again requested the court to appoint counsel. The district court dismissed this second petition because it was filed after the passing of the thirty-day deadline. On review, this court held that the district court's dismissal of plaintiff's second request for counsel was in error. The court concluded that "There is conflict between the legislative intent to provide counsel where necessary to justice and the requirement that the complaint be filed within 30 days after the EEOC notice of right to sue." *Id.* at 591. The court went on to apply the equitable tolling doctrine to the case. *Id.* at 592.

Although *Harris* was not construing the thirty-day requirement of § 7703(b)(2), it nonetheless provides us guidance here in that it illustrates the possibility that "the filing, processing and decision of [a] motion ... could consume the entire 30–day period." *Id.* at 591. In fact, the court stated that

'When the plaintiff made application for an appointed attorney, it was manifestly an act designed to facilitate the filing of a formal complaint. It was, moreover, the sole act over which she had any effective control.'

*Id.* (quoting *McQueen v. E.M.C. Plastic Co.*, 302 F.Supp. 881, 884 (E.D.Tex.1969)). In our view, *Harris* alone is support enough to reverse the district court.

This case is very much akin to *Martin v. Demma*, 831 F.2d 69 (5th Cir.1987). In *Martin*, plaintiffs filed a complaint under 42 U.S.C. § 1983, along with a request to proceed *in forma pauperis*, within the one-year statutory period. However, the clerk did not stamp and enter the complaint until the magistrate approved the *in forma pauperis* application, which was after the one-year statutory period. The Fifth Circuit Court of Appeals stated that

Since their applications required court approval, administrative delay was inherent in the nature of the suit. . . . Clerical delay in the formal filing of this *in forma pauperis* complaint should not affect the operative event, that is, the receipt of the complaint by the court.

*Id.* at 71. The court held that the "true date of receipt" and "the date that the clerk actually received the complaint" was the date on which the plaintiffs filed their complaint along with request to proceed *in forma pauperis*, not the date on which the magistrate granted their request and the clerk formally stamped and entered the complaint. *Id. See also Rodgers v. Bowen*, 790 F.2d 1550, 1552 (11th Cir.1986) ("[A] complaint is 'filed' for statute of limitations purposes when it is 'in the actual or constructive possession of the clerk,' regardless of the untimely payment of the required filing fee.") (citations omitted); *Robinson v. City of Fairfield*, 750 F.2d 1507, 1511 (11th Cir.1985) (the filing of legal and factual nature of claim along with application for appointment of counsel and for authority to commence action without prepayment of costs constitutes the filing of a complaint).

In dismissing Dean's complaint as untimely, the district court erred. We hold that a complaint is filed when it along with an application to proceed *in forma pauperis* are presented to the clerk's office and the clerk's office takes possession of the complaint and the application is granted, notwithstanding the fact that the complaint is not formally stamped filed.

### III.

The only reasonable ground on which the district court could have dismissed Dean's case was for failure to name the proper defendant. As noted earlier,

the complaint named the Veterans Administration, Regional Office as the defendant.

42 U.S.C. § 2000e–16(c), under which this complaint was filed by virtue of the incorporating language of § 7703(b)(2), states that in civil actions filed thereunder "the head of the department, agency, or unit, as appropriate, shall be the defendant." This requirement has been strictly applied. *See Hancock v. Egger,* 848 F.2d 87, 89 (6th Cir.1988) ("The proper defendant was not named in this action. Adherence to [§ 2000e–16(c)'s] requirements is mandatory, and we are neither authorized nor inclined to ignore its mandate.").

Due to the harsh consequences of inadvertently misnaming the proper defendant, we are compelled to address a recurring problem that arises in many of the cases in which plaintiff mistakenly names the agency itself rather than the head of the agency or department as required by § 2000e–16(c). The right-to-sue letters often received by potential plaintiffs most often do not adequately inform them as to who is the proper defendant. As recognized by the Third Circuit Court of Appeals, "many claimants against the government are either unrepresented ... or represented by persons lacking expertise in [federal] agency law [.]" *Williams v. Army and Air Force Exchange Service,* 830 F.2d 27, 31 (3d Cir.1987). For instance, the letter sent to Dean by the MSPB stated:

> If you do not request review of this order on your discrimination claims by the EEOC, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. Section 7703(b)(2).

J.App. at 59. Unfortunately, this letter simply advised Dean to file this civil action "against the agency." It did not in any manner suggest to him that he was to name the head of the agency as defendant nor did it refer him to 42 U.S.C. § 2000e–16(c). It would not unduly burden the MSBP to state more specifically in their right-to-sue letters just who should be sued.

Without much success, the United States Courts of Appeal have for several years admonished various federal agencies and departments to make their letters more specific. *See, e.g., Williams,* 830 F.2d at 31. To this court's chagrin, our requests appear to have fallen on deaf ears. Relying on the old adage that if at first you don't succeed try, try again, we hereby do urge the MSPB and other agencies or departments that issue right-to-sue letters to clearly and specifically inform potential plaintiffs of just who it is they should sue. The ambiguity in the letter received by Dean in this case is totally unnecessary and results in the needless dismissal of his complaint.

▪ Dean contends that the district court should have applied Fed.R.Civ.P. 15(c) and related his amended complaint naming the proper defendant back to the original filing date. The district court rejected Dean's contention here because "Rule 15(c) permits relation back only in cases where the statute of limitations, which is a procedural rule, has expired. The Rule cannot be extended to enlarge jurisdiction." J.App. at 15. We find that the district court erred in failing to consider the application of Rule 15(c) to this case.

In *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the Supreme Court set forth four requirements that must be met in order for Rule 15(c)'s relation back to save a complaint:

> (1) the basis claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Id.* at 29, 106 S.Ct. at 2384. Like the Supreme Court in *Schiavone,* we are not concerned here with the first factor.

The primary question before us is whether the head of the Department of Veteran

Affairs, Edward Derwinski, received notice of this suit within the limitations period, in this case thirty days. *Id.* at 31, 106 S.Ct. at 2385 ("The linchpin is notice, and notice within the limitations period."). If so, Rule 15(c) operates to relate the amended complaint naming the proper party back to the filing of the original complaint within the limitations period. If not, Dean's complaint was properly dismissed for failure to name the appropriate party.

Dean received his right-to-sue letter from the MSPB on October 18, 1989. Thus, the applicable thirty-day limitations period ran on November 17, 1989. It is clear that no one received any notice of the suit during the thirty-day limitations period. Dean argues that the head of the Veterans Administration automatically received notice when he mailed and served the summons and complaint upon the United States attorney. Even if we accept that the head of the agency was notified when the United States attorney received the summons and complaint, Dean's complaint is not saved because such notice was not received by the United States attorney during the thirty-day limitations period. Therefore, under *Schiavone* Rule 15(c) does not operate to relate Dean's amended complaint back to the filing date of his original complaint.

Although this court is bound by the dictates of *Schiavone*, we feel compelled to make a few comments concerning the harshness of the application of that case to this plaintiff. In the case before us, it was impossible for Dean to comply with *Schiavone*. His complaint was filed on November 13, 1989, five days before the running of the limitations period. However, despite the fact that his complaint was filed within the statutory period, he could not serve the summons and complaint upon any defendant, proper or not, until he was granted permission to file *in forma pauperis*.

Thus, due to the court's delay in processing the plaintiff's complaint, the only way that he could have fulfilled *Schiavone*'s notice requirement would have been to send a letter independent of the complaint to the head of the agency to let that person know the complaint was forthcoming. Fur-

ther, this would only be possible if the plaintiff was able to discover the misnamed party and dispatch the letter within the thirty-day statute of limitations. In these days where even finding an attorney to take a civil rights case in thirty days is no easy task, the harshness of the *Schiavone* rule cannot be overemphasized.

The outcome of this case disturbs us not a little. Hopefully, in the not so distant future, the Supreme Court will review *Schiavone* in light of its oftentimes harsh results. *See Williams*, 830 F.2d at 30 ("[T]he results of *Schiavone* are particularly unfortunate in this case which involves such a short statute of limitations (30 days) and an untutored litigant.").

## IV.

Accordingly, we AFFIRM the dismissal of Dean's complaint for failure to name the proper party.