**Kathleen M. KUBICKI, Plaintiff,**

v.

**Nicholas F. BRADY, Secretary of the Treasury, Defendant.**

**Civ. A. No. 92–75546.**

United States District Court,
E.D. Michigan, S.D.

Feb. 16, 1993.

Robert A. Moran, Detroit, MI, for plaintiff.

Elizabeth J. Larin, Asst. U.S. Atty., Detroit, MI, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

GADOLA, District Judge.

Plaintiff Kubicki filed the instant complaint September 15, 1992. On November 18, 1992, defendant Brady ("the government") filed this motion to dismiss based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff filed a response December 4, 1992; and the government filed a reply December. 14, 1992. Pursuant to LR 7.1(e)(2) (E.D.Mich. Jan. 1, 1992), no oral argument was heard.

## BACKGROUND FACTS

Plaintiff was a special agent employed by the Bureau of Alcohol, Tobacco and Firearms ("BATF" or "agency") in 1986 when she filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging sex discrimination. In February 1987 plaintiff voluntarily withdrew her discrimination complaint.

Plaintiff subsequently filed two discrimination complaints with BATF on August 24, 1987, and January 16, 1988. The two complaints were consolidated (hereinafter "Complaint I") for processing and hearing. The agency issued a proposed disposition of no discrimination on the complaints, and plaintiff requested a hearing.

Prior to the hearing plaintiff was transferred from Detroit to Chicago. Plaintiff objected to her transfer and ultimately resigned from the agency, alleging that the transfer · constituted a constructive discharge. Processing on Complaint I continued; and a hearing was set for January 31, 1989.

During a prehearing telephone conference, plaintiff raised the issue of constructive discharge and requested that it be one of the issues adjudicated at the hearing on Complaint I. The agency objected to that issue being heard as part of Complaint I because plaintiff, not having filed a complaint on that issue, had not satisfied the administrative prerequisites for litigating that claim.

The administrative law judge remanded Complaint I to the agency to allow plaintiff to file a second complaint ("Complaint II") on the issue of constructive discharge. The agency initially rejected Complaint II as untimely; however, the EEOC reversed the agency on that point, and Complaint II was accepted for processing by the agency and investigated.

The agency subsequently issued a proposed disposition finding no discrimination on Complaint II. Plaintiff failed to respond; and, in accordance with the notice contained in the proposed disposition, the agency adopted that proposed finding as the agency's final decision.

An allegation of constructive discharge, if properly pleaded, is an action appealable to the Merit Systems Protection Board ("MSPB"). *Dumas v. Merit Sys. Protection Bd.*, 789 F.2d 892 (Fed.Cir. 1986). Thus, Complaint II constituted what is known as a mixed case appeal. *See* 5 U.S.C. § 7702; 5 C.F.R. §§ 1201.151 *et seq.* The final agency decision in Complaint II notified the plaintiff of the appeal rights associated with mixed cases.

Plaintiff, while alleging that her complaint was not a mixed case, nonetheless

filed an appeal of the agency's final decision to the MSPB on July 13, 1990. An administrative law judge dismissed the appeal October 11, 1990. Plaintiff appealed that decision to the full board, but the MSPB found her appeal untimely in its February 22, 1991 opinion. 47 M.S.P.R. 118. Using the unique appeal process for mixed cases, plaintiff appealed the MSPB decision to the EEOC. However, the EEOC, in its August 21, 1991 decision, found that appeal to be untimely as well.

The EEOC mailed two copies of its August 21, 1991 decision by certified mail to Prather G. Randle, who had been plaintiff's designated representative throughout the administrative process. The first letter was addressed to plaintiff Kubicki in care of Prather Randle, Memphis, Tennessee. The mailing receipt was signed by Prather Randle on August 24, 1991. The second letter was addressed to Prather Randle at his Memphis address; and the second mailing receipt was signed by him on August 26, 1991.

Plaintiff contends that "[o]n May 10, 1990[,] Prather Randle was advised by plaintiff in writing that he was not to act in her behalf beyond the appeal to the MSPB without her express authority." Plaintiff's resp. at 3; Gov't ex. P. Plaintiff's response continues, "On July 11, 1990[,] plaintiff executed an Appeal Form of the MSPB appeal. [Gov't. ex. G] Part V of this form is a designation of personal representative. Plaintiff designated Prather Randle to 'serve as my representative during the course of this appeal.'" Plaintiff's resp. at 3.

On September 24, 1991, a civil complaint for the purpose of reviewing the EEOC decision was filed on plaintiff's behalf by attorney Gilbert Douglas in United States District Court for the District of Columbia. Plaintiff contends that the complaint was filed without her consent. Plaintiff acknowledges that she "first learned of the [c]omplaint on or about October 31, 1991." Plaintiff's resp. at 4. The response continues

In November[ ] 1991 plaintiff was told that service had not been completed[;]

however[,] she received strong assurances from Randle that the problem was being corrected. On February 9, 1992[,] plaintiff telephoned Randle[;] and he told her that her case had been dismissed without prejudice on January 24, 1992. Randle told the plaintiff that documents were being prepared to correct the situation.

From April 23, 1992[,] until August 11, 1992[,] plaintiff attempted to determine the status of her case by repeatedly contacting Randle. Each time Randle assured her that the matter was being corrected. (EX. 5) On July 21, 1992, plaintiff wrote to the Clerk of the Court of the United States District Court for the District of Columbia in an effort to determine the status of the case. (G.EX. Q) At that time she learned that no action had been initiated by Randle to correct service or re-instate the case. [Footnote omitted.]

On August 7, 1992[,] plaintiff telephonically requested a copy of the Right to Sue Letter from the EEOC. On August 17, 1992[,] plaintiff received a photocopy of the EEOC's Right to Sue Letter.... On September 15, 1992, within thirty days of the receipt of the EEOC Right to Sue Letter, plaintiff filed the instant action pro se before this Court.

*Id.* at 4–5.

## APPLICABLE LAW

Pursuant to 29 C.F.R. § 1613.221(b)(1), The decision of the [EEOC] shall be in writing, shall reflect the date of its issuance, and shall be transmitted to the complainant and his or her representative either by certified mail, return receipt requested, or by any other method which enables the agency to show the date of receipt.

A person seeking judicial review of an EEOC decision must file a civil complaint within 30 days of receipt of notice of the decision. 5 U.S.C. §§ 7702(a)(3)(B) and 7703(b)(2); 29 C.F.R. 1613.421(d). The United States Supreme Court has held that in such instances notice of a final decision is received when the EEOC delivers its

notice to a claimant or the claimant's attorney, whichever comes first. *Irwin v. Veterans Admin.*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) *reh'g denied,* —— U.S. ——, 111 S.Ct. 805, 112 L.Ed.2d 865 (1991). The United States Court of Appeals for the Sixth Circuit has since determined that in cases in which the court's jurisdiction is based upon provisions of the Civil Service Reform Act of 1978, specifically 5 U.S.C. § 7703(b)(2), jurisdiction is not subject to equitable tolling. *Dean v. Veterans Admin. Regional Office*, 943 F.2d 667, 670 (1991).

## ANALYSIS

The government contends that this court lacks subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1), based on plaintiff's untimely filing. The government argues that plaintiff's attorney's receipt of notice of the EEOC's decision on August 24, 1991, triggered the start of the 30–day period for filing a civil complaint in U.S. District Court, as set forth in 5 U.S.C. § 7703(b)(2). The government concludes that because the instant complaint was filed nearly one year later, on September 15, 1992, the complaint is untimely, thus depriving the court of subject matter jurisdiction.

Plaintiff argues that the 30–day period for filing a civil complaint was not triggered until *her* receipt of the EEOC's letter on August 17, 1992.[1] Thus, plaintiff concludes that her September 15, 1992 filing of the complaint was timely.

The court acknowledges that the EEOC was obligated to send copies of its August 21, 1991 decision to plaintiff as well as to plaintiff's counsel. Technically, the EEOC complied, even though both mailings were sent to plaintiff's attorney's address. The court finds the Supreme Court's decision in *Irwin* dispositive of the matter. *Irwin v. Veterans Admin.*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

In *Irwin*, the EEOC issued an opinion March 19, 1987, and sent copies to both the claimant Irwin and his attorney. The first copy was received at claimant's attorney's office March 23, 1987, while his attorney was out of the country. The attorney received actual notice of the letter when he returned to work April 10, 1987; and Irwin received his letter from the EEOC on April 7, 1987. Irwin then filed a complaint in U.S. District Court on May 6, 1987, 44 days after the EEOC notice was received at his attorney's office, but 29 days after the date on which Irwin claimed to have received his letter. *Id.*

The Court acknowledged that a 42 U.S.C. § 2000e–16(e) action alleging employment discrimination against the federal government under Title VII must be filed within thirty days of receipt of notice of the final action taken by the EEOC. *Id.* The Court then held that the 30–day period began to run on the day Irwin's attorney's office received the EEOC letter. *Id.* Thus, Irwin's complaint was found to be untimely filed. The Court rejected claimant Irwin's argument that the 30–day period should have begun on the day he himself had received the EEOC letter. *Id.*

In the instant action it is clear that claimant Kubicki retained Randle to represent her during the administrative process, which includes being notified of the EEOC's final decision. In accordance with the Court's holding in *Irwin*, this court finds that claimant's 30–day period for filing the instant action began to run on August 24, 1991, the day on which claimant's attorney received notice of the EEOC's final decision.

In *Irwin* the Court also determined that claimant's failure to strictly comply with the filing deadline may not be dispositive. The Court held that some statutory time limits applicable to lawsuits against the federal government are subject to equitable tolling. *Id.* Ultimately, however, the Court found that in that case "the principles of equitable tolling ... [did] not extend to what is at best a garden variety claim of excusable neglect." *Id.*

---

1. Plaintiff concedes, however, that she learned in October 1991 that a complaint had been filed in Washington, D.C., albeit without her permission. Plaintiff's resp. at 4. Therefore, plaintiff had actual knowledge of the EEOC's final decision even if she had not received a copy of it.

The United States Court of Appeals for the Sixth Circuit has since held that where the court's jurisdiction is based upon the provisions of the Civil Service Reform Act of 1978, specifically 5 U.S.C. § 7703(b)(2), the statutory time limits are jurisdictional and not subject to equitable tolling. *Dean v. Veterans Admin. Regional Office,* 943 F.2d 667, 669–70 (6th Cir.1991). Therefore, plaintiff's arguments regarding the time at which she received her letter from the EEOC are rejected here. In accordance with *Dean,* plaintiff's complaint in the instant action is untimely; and the court lacks subject matter jurisdiction.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that the government's motion to dismiss is GRANTED.