23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Larry A. BURNS, Plaintiff-Appellant,
v.
DEPARTMENT OF the U.S. AIR FORCE; Donald B. Rice,
Secretary, U.S. Air Force, Defendants-Appellees.
 No. 93-4014.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1994.
 
 Before: KENNEDY and NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Larry A. Burns, pro se, appeals a district court order dismissing this case for lack of jurisdiction. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Burns filed this suit against the Department of the Air Force (hereinafter "Department") and its Secretary, Donald B. Rice, alleging that the defendants violated the Rehabilitation Act of 1973, 29 U.S.C. Secs. 701-796, by failing to reasonably accommodate his handicaps of obstructive sleep apnea and narcolepsy. It is undisputed that Burns was an employee of the Department as a motor vehicle operator and warehouse worker for several years until he was discharged from his employment on August 31, 1990, because of absenteeism and his failure to properly request leave. Before he was terminated, Burns had frequently been disciplined for excessive unauthorized absence from duty and failure to request leave during his absences. During the period of November 1988 to February of 1990, Burns was charged on twenty-nine days with periods of absence without leave (AWOL). In 1989, Burns was diagnosed as having obstructive sleep apnea and narcolepsy. Burns then told the Department that these conditions were to blame for his history of excessive tardiness and absenteeism.
 
 
 3
 In 1990, Burns and the Department entered into a "Last Chance Agreement" in which the Department agreed to hold Burns's proposed removal in abeyance pending a one year probationary period. In that agreement, Burns agreed to waive his right to appeal any final decision by the Department to terminate him for tardiness or absence. However, on August 24, 1990, Burns reported to work approximately four hours late without notifying his employer pursuant to the approved procedures, and his employment was terminated, effective August 31, 1990.
 
 
 4
 Burns appealed his termination to the Merit Systems Protection Board (MSPB), which dismissed his appeal on December 11, 1990, for lack of jurisdiction. The MSPB order notified Burns that the decision would become final on January 15, 1991. Burns also filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), which notified Burns, by letter dated February 5, 1991, that it also lacked jurisdiction to consider his claim. Burns took no further action until April 16, 1991, when he filed an application to proceed in forma pauperis in the Federal District Court for the Northern District of Ohio. After pauper status was denied by that court, Burns paid the filing fee and filed his complaint in district court on May 29, 1991. The district court granted the defendants' motion to dismiss for lack of jurisdiction on the basis that Burns's claim was not timely filed after the MSPB and EEOC issued their decisions.
 
 
 5
 On appeal, Burns argues that the Last Chance Agreement should not be applied to his claim, because the defendants' reason for his discharge for "failure to request leave according to established procedures" was pretense. Burns also argues that the court erred in dismissing his case without hearing his testimony and that the district court failed to take into account his handicaps of sleep apnea and narcolepsy in dismissing his complaint of discrimination. Burns also moves this court for in forma pauperis status, on appeal.
 
 
 6
 A court of appeals must review de novo a district court's decision on subject matter jurisdiction. Hilliard v. United States Postal Serv., 814 F.2d 325, 326 (6th Cir.1987). The parties do not dispute that this claim is a "mixed" case on appeal from the MSPB, containing a discrimination claim mixed with an appealable action by the Board. Ballard v. Tennessee Valley Auth., 768 F.2d 756, 757 (6th Cir.1985).
 
 
 7
 The statute governing judicial review of agency decisions demands that the plaintiff file his complaint in federal district court within thirty days of the date the individual receives notice of a "judicially reviewable action." 5 U.S.C. Sec. 7703(b). This court has held that the thirty-day limitations period for filing such an appeal is a jurisdictional prerequisite to judicial review and cannot be extended. Dean v. Veterans Admin. Regional Office, 943 F.2d 667, 669-70 (6th Cir.1991), vacated and remanded on other grounds, 112 S.Ct. 1255 (1992); Hilliard, 814 F.2d at 327. Looking either to the date that the MSPB decision became final, on January 15, 1991, or the date that the EEOC determination was issued on February 5, 1991, it is clear that Burns failed to timely appeal either decision when he filed his complaint in district court on May 29, 1991. Even considering the date that Burns submitted his request for in forma pauperis status with the district court, April 16, 1991, as the date his complaint was filed, see Dean, 943 F.2d at 672, the complaint would still be untimely.
 
 
 8
 Accordingly, Burns's motion to proceed in forma pauperis is hereby granted for the limited purpose of deciding the merits of this appeal, and the district court's order dismissing his complaint is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.