**Judy TRUITT, Plaintiff,**

v.

**COUNTY OF WAYNE and Detroit–Wayne County Community Mental Health Board, jointly and severally, Defendant.**

**Civil Action No. 96–40216.**

United States District Court,
E.D. Michigan,
Southern Division.

April 3, 1997.

Judy Truitt, Westland, MI, pro se.

Lambro Niforos, Detroit, MI, for Defendant.

GADOLA, District Judge.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before this court is the defendants', County of Wayne ("County") and Detroit–Wayne County Community Mental Health Board ("Board" or "D–WCCMHB") (collectively "Defendants"), motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) filed on December 10, 1996.[1] This court heard oral argument on March 19, 1997. For the

---

**1.** Defendants filed an "amended" motion to dismiss, "pursuant to Fed.R.Civ.P. 15(a)," on December 20, 1996. Since the "amended" motion did not state any new grounds for dismissal but

**182**

reasons set forth below, this court will grant the defendants' motion to dismiss plaintiff's complaint.

## I. Background

This is a racial discrimination case. Plaintiff, Judy Truitt ("Truitt"), a Caucasian female, began working for defendant County of Wayne in September of 1979. She was transferred to defendant D–WCCMHB in December 1991. While working at the board, Truitt alleges she suffered racial discrimination by her African–American supervisors which resulted in her termination on April 29, 1993. On August 27, 1994, Truitt was ordered rehired following an arbitration proceeding.

On May 17, 1996, Truitt was issued a right-to-sue letter by the Equal Employment Opportunity Commission ("EEOC"). On June 12, 1996, Truitt, acting *pro se*, submitted her original complaint to the court clerk along with an application to proceed *in forma pauperis* ("IFP"). The clerk stamped the complaint "received" and stamped the IFP application "filed."

On June 21, 1996 this court denied Truitt's application, noting that she was employed by the County of Wayne, earning $415.00 per week, and had $12,000 in her savings account. That order was entered on June 24, 1996. A notice of denial of application for leave to proceed IFP was entered on July 8, 1996.

On November 8, 1996, after speaking with her attorney, Truitt paid the filing fee at which time the original complaint was stamped "filed."

On November 15, 1996, Truitt's attorney filed a first amended complaint. Count I of that complaint is a state law claim for wrongful discharge. Count II is a claim of racial discrimination in violation of Title VII and ELCRA, M.C.L. §§ 37.2202(1)(a) and (b). Count III is a claim of retaliatory discharge

in violation of Title VII and ELCRA, M.C.L. § 37.2701.

On November 19, 1996, the first amended complaint was mailed by registered mail to the Wayne County Personnel Department and to Ms. Jarold Adams, who is the executive director of the D–WCCMHB. The first amended complaint was received by the respective offices on November 20, 1996. Thereafter, the instant motion to dismiss was filed.

## II. Analysis

In their motion, the defendants make four arguments for dismissal. First, that this court lacks personal jurisdiction over the defendants since neither defendant was properly served according to Michigan law. Second, that plaintiff's federal claims should be dismissed because this court lacks subject matter jurisdiction over them since plaintiff filed her complaint more than 90 days after receipt of the right-to-sue letter. *See* 42 U.S.C. § 2000e–5(e), (f). Third, that plaintiff's state law ELCRA claims are barred under the three-year statute of limitations. *See* M.C.L. § 600.5805(8), M.S.A. § 27A.5805(8). Fourth, that plaintiff has failed to state a claim against the defendant board since it is not plaintiff's employer within the meaning of either Title VII or ELCRA.[2]

At the outset, this court notes that plaintiff has conceded that her ELCRA claims in Counts II and III are not timely and accordingly has agreed to dismiss them. In any event, those claims would have been dismissed by this court *sua sponte* as this court would have exercised its discretion, pursuant to 28 U.S.C. § 1367(c), not to hear plaintiff's pendent claims. Similarly, this court will dismiss plaintiff's state law claim for wrongful discharge in Count I pursuant to the discretion conferred upon it by 28 U.S.C.

rather merely supplemented the factual basis set forth in the December 10, 1996 motion, this court will construe it as a motion for leave to file a supplemental brief in support of the motion to dismiss and grant the same. Accordingly, this court need not reach the thornier issue of whether a motion is a "pleading" for purposes of Rule 15(a).

2. At oral argument, counsel for plaintiff conceded that the County of Wayne was the only proper defendant. Accordingly, the complaint is dismissed as to defendant D–WCCMHB. For the sake of consistency, however, this court will continue to refer to "defendants" throughout this opinion.

§ 1367(c). As such, only plaintiff's federal law claims in Counts II and III remain.

This court will first address defendants' argument that this court lacks subject matter jurisdiction over plaintiff's remaining federal claims. *See Cantor Fitzgerald. L.P. v. Peaslee*, 88 F.3d 152, 155 (2d Cir.1996) (stating that "[c]ustomarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case.")

42 U.S.C. § 2000e–5(f) provides that a plaintiff must file suit within 90 days of receiving the right-to-sue letter. Defendants argue that since plaintiff's complaint was not stamped "filed" until November 8, 1996, 175 days after receiving her right-to-sue letter, she has failed to exhaust her administrative remedies. Furthermore, the defendants contend, even if plaintiff's time to file is tolled during the pendency of the IFP application, i.e. 29 days from June 12, 1996 to July 11, 1996,[3] plaintiff still filed 146 days after receiving the right-to-sue letter which exceeds the 90 days allotted under 42 U.S.C. § 2000e–5(f). Accordingly, defendants argue, this court lacks subject matter jurisdiction and plaintiff's complaint must be dismissed.

Plaintiff argues that the Sixth Circuit's holding in *Dean v. Veterans Admin. Regional Office*, 943 F.2d 667 (6th Cir.1991), requires this court to consider the submission of the original complaint on June 12, 1996 as the constructive "filing" of the complaint, which was within the 90 day statute of limitations, and therefore deny defendants' motion for dismissal for lack of subject matter jurisdiction.

In *Dean*, the Sixth Circuit addressed a situation that was virtually identical to the instant case albeit differing in one significant respect. In *Dean*, plaintiff received a right-to-sue letter on October 18, 1989. On November 13, 1989, within thirty days[4] of receiving the MSPB order, Dean filed an application to proceed IFP. Although Dean attempted to file the complaint with the clerk's office, he was refused pending a ruling on the IFP application. The clerk, however, did take physical possession of the complaint. On December 4, 1989 the court *granted* his application. The following day, December 5, 1989, Dean filed the complaint. On December 8, 1989, Dean served the defendants by mail. Thereafter, the VA moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b).

The Sixth Circuit, in *Dean*, held that:

"a complaint is filed when it along with an application to proceed in *forma pauperis* are presented to the clerk's office and the clerk's office takes possession of the complaint and the application is *granted*, notwithstanding the fact that the complaint is not formally stamped filed."

*Dean*, 943 F.2d at 671 (emphasis added). It is apparent that *Dean* is factually analogous to the instant case with the exception that in *Dean*, unlike the case at bar, the application for leave to proceed IFP was granted.

While this court will not read *Dean* so narrowly as to only allow constructive filing if the IFP application is granted, neither will it read *Dean* so broadly as to allow a plaintiff to simply rely on the constructive filing to satisfy the statute of limitations while unreasonably delaying payment of the filing fee after the IFP application is denied.

If *Dean* is read to hold that constructive filing satisfies the statute of limitations, it would have the effect, in this case, of allowing plaintiff to formally file her complaint, i.e. pay the filing fee and have the complaint stamped "filed," 175 days after receiving her right-to-sue letter, which is almost twice the statutory time period of 90 days. Even if the statute of limitations is tolled for the 29 day period during which the IFP application was pending, the time period is still 146 days

---

**3.** Although, the notice of denial to proceed IFP was dated July, 8, 1996, this court will include three days for service by mail pursuant to Fed. R.Civ.P. 6(e).

**4.** Since Dean was claiming to be a victim of handicap discrimination and the right-to-sue letter was issued by the Merit Systems Protection Board ("MSPB"), Dean was required to file suit within 30 of receipt of the letter.

which is well in excess of the 90 day limit.[5]

While it is true that the *Dean* court, by way of a parenthetical quote from *Rodgers v. Bowen*, 790 F.2d 1550 (11th cir.1986), stated that "a complaint is 'filed' for statute of limitations purposes when it is 'in the actual or constructive possession of the clerk,' regardless of the untimely payment of the required fee," *id.* at 1552, that quote must be considered dicta in light of the express holding of the *Dean* court, quoted above, which is limited to situations where IFP is *granted.*

Courts that have been presented with the situation where an IFP application has been denied rather than granted have specifically acknowledged the import of that distinction. ee, *e.g., Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256, 259 (10th Cir.1994) *cert. denied*, 513 U.S. 951, 115 S.Ct. 368, 130 L.Ed.2d 320 (1994); *Williams–Guice v. Bd. of Educ. of City of Chicago*, 45 F.3d 161, 162, 164. *But see Rodgers, supra*, 790 F.2d 1550.

In *Jarrett*, the Tenth Circuit stated, in relevant part, that:

> The rationale behind 'constructive filing' is obvious. Suppose a litigant presents a complaint and IFP petition to the court clerk within the statute of limitation period, but the court clerk does not officially file the complaint. Then, the district court does not rule on the IFP petition until after the limitation period. Even if pauper status is granted, the complaint will not be timely filed. Accordingly, to preserve the litigant's rights, courts have deemed the complaint 'filed' upon presentation to the court clerk when accompanied by an IFP motion, so that the formal filing 'relates back'—upon grant of pauper status—to the 'lodging' of the complaint with the clerk. Such a legal fiction was employed by the Supreme Court in [citation omitted].... The fiction is not troublesome when the IFP petition is granted; the complaint is filed and the case proceeds. The thorny issue, as in this case, arises when the litigant is denied leave to proceed IFP.

*Jarrett*, 22 F.3d at 259 (emphasis in the original).

In *Jarrett*, plaintiff received her right-to-sue letter on July 31, 1990. On October 25, 1990, within the 90 day limitation, plaintiff submitted to the clerk a complaint alleging discrimination and a request to proceed IFP. The clerk did not file these items of record. The district court denied plaintiff's request for pauper status on October 29, 1990. On April 11, 1991, over five months after the denial of IFP status, plaintiff paid the filing fee and her complaint was officially filed by the clerk. She did not serve that complaint upon defendant. On August 1, 1991, plaintiff filed an amended complaint which was served upon the defendant and was its first notice of the lawsuit. *Id.* at 257–58.

The *Jarrett* court held that the fiction of "constructive filing" should only exist until the IFP motion is ruled upon. At that time the plaintiff would be allowed a reasonable "grace period" in which to pay the filing fee. If done in a reasonably timely manner, "relation back" of the "formal filing" to the "constructive filing" would be permitted. *Id.* Without establishing a bright-line rule for all cases, the *Jarrett* court held that a five month delay in paying the filing fee after denial of IFP status was unreasonable as it would amount to a "fresh" ninety-day time period and two additional months for good measure. Id.

In the instant case, the amount of time that elapsed between the date plaintiff was on constructive notice of the denial of IFP status, i.e. July 11, 1996, to the date plaintiff paid the filing fee, November 8, 1996, was 120 days or a "fresh" ninety-day time period plus 1 month for good measure.

In *Williams–Guice*, Judge Easterbrook,

5. While this court will not dismiss the complaint for untimely service, it notes that if receipt of the complaint by the clerk constitutes a constructive filing, then it should also start the time for service under Fed.R.Civ.P. 4(m). To do otherwise would allow plaintiff to satisfy the statute of limitations while depriving defendants of their right to be timely served with the complaint. In this case, 160 days elapsed between the time the original complaint was submitted and the first complaint was served upon the defendants, which is 40 days after Rule 4(m)'s 120 day time limit for service expired.

writing for the panel,[6] also recognized the distinct problem that arises when the court denies the application to proceed IFP. Judge Easterbrook stated, in relevant part, that:

> What happens if the district judge denies the application to proceed IFP and the plaintiff does not pay promptly? ... [B]y applying for IFP status a litigant may obtain an indefinite extension of time to serve the defendant. Lodging the complaint satisfies the statute of limitation, and by failing to pay the docket fee the plaintiff prevents the 120–day period from starting, because the clerk will not stamp 'filed' on the complaint until the fee has been paid. Even well-to-do plaintiffs could obtain this self-help extension of time, which would leave defendants in the dark for extended periods. Such a maneuver not only undermine the mechanism created by Rules 3 and 4(m) but also is inconsistent with the rationale for periods of limitations.

*Id.* at 162.

In *Williams–Guice*, the plaintiff, who also alleged racial discrimination under Title VII, received her right to sue letter on September 15, 1992. She submitted her complaint along with an application for leave to proceed IFP on December 2, 1992. On February 10, 1993, the court denied the application. Williams–Guice did not pay the docket fee until May 24, 1993, or 103 days after the district court's order. The Board of Education was not served with process until August 27, 1993, or 198 days after the denial of IFP status. *Williams–Guice*, 45 F.3d at 163.

In *Williams–Guice*, the district court reasoned that the Rule 4(m) clock began to run upon denial of IFP and since service was effected some 183 days later, plaintiff's failure to comply with Rule 4(m) warranted dismissal. The district judge rejected the contention that extended nonpayment automatically extends the time to serve the defendant. *Williams–Guice*, 45 F.3d at 163 (citing *Williams–Guice v. Board of Education of City of Chicago*, 1994 WL 30584 (N.D.Ill.1994), 1994 U.S. Dist. LEXIS 944).

Judge Easterbrook, while agreeing with the district court that plaintiffs should not possess an option to delay service indefinitely by declining to pay the docket fee, *id.*, found that "the foundation of the delay in this case is not delay in service so much as it is delay in payment—and therefore in 'filing' the complaint." *Id.* at 164.

Judge Easterbrook ultimately followed *Jarrett* and stated that "[w]e agree with these courts that to suspend a period of limitation is not to deem it satisfied; if the motion is denied, the would-be plaintiff must act with dispatch." *Id.* at 165. Judge Easterbrook explained that:

> Such an understanding protects both parties. The plaintiff remains entitled to litigate even if the district judge concludes that he is not entitled to proceed IFP. The defendant gets timely notice—for the plaintiff must pay the docket fee within the remainder of the period of limitations, and once the fee had been paid [*Robinson v. America's Best Contacts and Eyeglasses*, 876 F.2d 596 (7th Cir.1989)] starts the clock for service under Rule 4(m).

*Id.*

Judge Easterbrook recognized, as did the *Jarrett* court and this court at oral argument, that there could be instances in which the plaintiff might submit her original complaint along with her application to proceed IFP with very little time remaining before the statute of limitations would run. Even if the statute of limitations was tolled during the period that the court decided the IFP application, the plaintiff might not learn of the judge's denial of IFP status until the remainder of the period of statute of limitations had run. In that instance, Judge Easterbrook reasoned, in accordance with the *Jarrett* court, the time to pay the filing fee should remain in suspension for a reasonable time after the district court's order. In applying that rule, Judge Easterbrook noted that the plaintiff therein had waited 103 days after the district court denied her application for leave to proceed IFP, and that such a delay was unreasonable.

---

**6.** The panel included Chief Judge Posner and Judges Easterbrook and Manion.

**186**

In the instant case, plaintiff was on constructive notice of the denial of application for leave to proceed IFP on July 11, 1996. She, however, did not pay the filing fee until November 8, 1996, 120 days later. Accordingly, this court finds that plaintiff's four month delay in paying the filing fee after IFP status was denied was unreasonable and dismissal is therefore warranted.

Plaintiff's reliance on *Barner v. Ford Motor Co.*, 132 F.R.D. 495 (N.D.Ill.1990) is misplaced. First, that case involved an IFP application that was granted. As discussed above, that situation is distinct from the situation in which IFP status is denied. Second, that case was a Rule 4(j) [7] untimely service of process case which, as discussed above, is not the basis for dismissal in this case. An untimely service of process analysis necessarily entails a determination of whether "good cause" exists. In *Barner*, the court found that "good cause" existed when plaintiff's attorney failed to timely serve the defendant. This analysis is, of course, irrelevant for our purposes since this court is only concerned with whether the filing fee was timely paid, thereby making the complaint timely for purposes of the statute of limitations, and not whether "good cause" existed for failure to timely serve the complaint.

While this court, at the time of oral argument, was inclined to dismiss the complaint for failure to effect timely service of process, upon review of the above cited case law, this court finds that dismissal is, instead, proper based on plaintiff's delay in paying the filing fee, which thereby made the complaint untimely under the statute of limitations. *See Williams–Guice*, 45 F.3d at 165.[8]

Because this court will dismiss plaintiff's complaint for lack of subject matter jurisdic-

tion, it need not address the defendants, remaining arguments for dismissal.

### *ORDER*

**IT IS HEREBY ORDERED** that defendants', COUNTY OF WAYNE and DETROIT–WAYNE COUNTY COMMUNITY MENTAL HEALTH BOARD, motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED.**

**SO ORDERED.**

---

7. Fed.R.Civ.P. 4(j) was the precursor to Fed.R.Civ.P. 4(m) which became effective on December 1, 1993.

8. To the extent that this court indicated at oral argument that it would not dismiss the complaint for lack of subject matter jurisdiction, this opinion, of course, supersedes such an indication. *Cf. United States v. Medjuck*, 937 F.Supp. 1368, 1372 (N.D.Cal.1996) (stating that "[t]he Court is aware that statements of individual judges during an oral argument are not binding in any

way."). In any event, this court stated, at oral argument, that it would need to review the issue of whether untimely service of process under Fed.R.Civ.P. 4(m) was a valid basis for dismissal of the instant action. Upon its own review, as none of the above arguments were addressed by either party in sufficient detail nor were most of the above cases brought to this court's attention, this court finds that more than adequate support exists for dismissal based upon untimely payment of the filing fee.