19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Melvin P. WALKER, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General; United States Postal
Service, Defendants-Appellees.
 No. 93-3634.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1994.
 
 Before: MERRITT, Chief Judge; GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Melvin P. Walker, pro se, appeals a district court order dismissing his complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Walker sued the defendants on the basis that the Postal Service had discriminated against him by refusing to reinstate him as a postal worker. In his complaint, which made reference to Title VII, 42 U.S.C. Sec. 2000e, et seq., Walker disagreed with a decision by an Administrative Law Judge of the Equal Employment Opportunity Commission, who found no discrimination by the Postal Service in refusing to reinstate Walker. Walker complained that he had not been hired or reinstated because of his past history of alcoholism. Walker admitted that he had voluntarily resigned from the Postal Service in 1970. The record shows that, since that time, the Postal Service refused to reinstate him because of certain prior work habits and a history of irregular attendance. The district court dismissed the case as frivolous, on the basis that Walker had not timely filed his complaint after the final agency decision, as required under 42 U.S.C. Sec. 2000e-16(c).
 
 
 3
 On appeal, Walker argues that the district court failed to recognize his "serious medical needs," specifically alcohol addiction, and that the denial of his reinstatement has caused him a "great deal of stress," leading to accompanying ailments such as "heart attacks" and "depression." Although Walker admits that the district court did not apply the wrong law, he contends that his case is not frivolous and argues that certain postal managerial officials have recommended his reinstatement, which evidence he believes refutes the conflicting reasons provided by the Postal Service for its refusal to reinstate him. Lastly, he disagrees with the district court's finding that his complaint was untimely, because he claims to have signed for the agency's decision on August 22, 1991.
 
 
 4
 The Supreme Court has held that a Sec. 1915(d) dismissal is to be reviewed for an abuse of discretion rather than de novo. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); see also Gibson v. R.G. Smith Co., 915 F.2d 260, 261-63 (6th Cir.1990). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 5
 Upon review, this court concludes that the district court improperly determined that Walker's complaint was untimely. Under 42 U.S.C. Sec. 2000e-16(c), made applicable to this action by 29 U.S.C. Sec. 794a, Walker's complaint must have been filed with the district court within thirty days "of receipt of notice of final action." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 94-95 (1990). Walker's notice of appeal states that he did not receive a copy of the agency decision until August 22, 1991, which fact he alleges can be verified by his signature on a certified envelope No. P-551 453 417 from the U.S. Postal Service. Because this case was dismissed as frivolous, no evidence was presented to refute this allegation. Moreover, the district court, in its order dismissing this case, stated that Walker filed in that court an application to proceed in forma pauperis on September 20, 1991. This court has held that a complaint should be deemed filed on the date it is presented to the clerk's office with an application to proceed in forma pauperis, notwithstanding the fact that the complaint may not be formally file stamped until after pauper status is granted. Dean v. Veterans Admin. Regional Office, 943 F.2d 667, 671 (6th Cir.1991), vacated on other grounds, 112 S.Ct. 1255 (1992). Accepting August 22, 1991, as the date Walker received the agency decision, and considering September 20, 1991, as the date Walker filed his complaint, the case should not have been dismissed as untimely.
 
 
 6
 Accordingly, the district court's order dismissing this complaint as untimely is reversed, and the case is remanded to the district court for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.