99 F.3d 1140
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Melvin P. WALKER, Plaintiff-Appellant,
v.
Marvin RUNYON, Postmaster General; United States Postal
Service, Defendants-Appellees.
 No. 96-3109.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1996.
 
 Before: BOGGS, NORRIS, and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a summary judgment for the defendants in this handicap discrimination in employment action brought pursuant to the Rehabilitation Act of 1973. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Melvin Walker filed a complaint in which he alleged that the United States Postal Service and the Postmaster General improperly declined to reinstate him to a position with the Postal Service because of his handicap, alcoholism. The district court's initial decision to dismiss the action as frivolous was vacated and remanded for further proceedings by a panel of this court. Walker v. Frank, No. 93-3634, 1994 WL 88860 (6th Cir. March 18, 1994) (order). The district court ultimately granted summary judgment for the defendants after remand and this appeal followed. The parties have briefed the issues; Walker is proceeding without benefit of counsel.
 
 
 3
 A grant of summary judgment will be reviewed de novo on appeal using the same test employed by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 4
 Walker resigned from the Postal Service in 1970. He made numerous unsuccessful requests for reinstatement with the latest being in February 1989. This request was denied by Earnest James after an inquiry into Walker's recent employment history. Walker then filed a complaint with the Equal Employment Opportunity Commission in which he alleged that he was denied reinstatement solely because of his alcoholism. The EEOC ultimately issued Walker a "right to sue" letter and Walker instituted the present action.
 
 
 5
 The defendants moved for summary judgment. They put forth evidentiary material that supported their claim that Walker's recent employment history had disqualified him for any reinstatement and that Earnest James had recommended that none of the other persons applying for reinstatement that year actually be reinstated. The district court concluded that, even assuming Walker set forth a prima facie case of handicap discrimination, the defendants articulated a sufficient, nondiscriminatory explanation for their refusal to rehire Walker.
 
 
 6
 Walker brought the present action under the auspices of the Rehabilitation Act of 1973. The Act, 29 U.S.C. §§ 701-794, prohibits employment discrimination against handicapped persons by the federal government (§ 791(b)), federal contractors (§ 793), and recipients of federal grants (§ 794). The Act excludes from the definition of handicap "any individual who is an alcoholic ... whose current use of alcohol ... prevents such individual from performing the duties of the job in question or whose employment, by reason of such current alcohol ... abuse, would constitute a direct threat to property or the safety of others." 29 U.S.C. § 706(8)(B). This limitation, however, applies by its terms only to §§ 793 and 794. Thus, Walker's status as an alcoholic simpliciter does not remove him from the Act's protections in his dealings with the federal government.
 
 
 7
 It was incumbent upon Walker to establish a prima facie case under the Act. That is, Walker had to show: 1) that he is a "handicapped person" under the Act; 2) that he is "otherwise qualified" for the position; 3) that he was excluded from the position "solely by reason of his handicap;" and, 4) that the position was a program or activity of the government. 29 U.S.C. § 794; Doherty v. Southern College of Optometry, 862 F.2d 570, 573 (6th Cir.1988), cert. denied, 493 U.S. 810 (1989). The defendants would then be charged with going forward with evidence that Walker was not otherwise qualified or that he was rejected for employment for reasons other than his handicap. Jasany v. United States Postal Serv., 755 F.2d 1244, 1249-50 (6th Cir.1985). Walker utterly failed to satisfy the third prong of this test. The undisputed evidence of record shows that the defendants set forth a legitimate, nondiscriminatory reason for not reinstating Walker. The uncontradicted affidavit of Earnest James demonstrates that Walker, like every other applicant seeking reinstatement that year, was summarily rejected after a check of his immediate past employment history. This is more than sufficient to support a summary judgment for the defendants. The appeal lacks merit.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation